EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FELIPE MERCED LANDRÁU, acusado y apelante.

Número 15616.
*Sometido:* 1 de abril de 1954. *Resuelto:* 9 de mayo de 1955.

*E. L. Belén Trujillo,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Belaval emitió la opinión del Tribunal.

El señor Fiscal del Tribunal Superior de Puerto Rico, Sala de Bayamón, presentó una acusación de hurto mayor contra el demandado don Felipe Merced Landráu porque "sustrajo de la propiedad de Julio López Abril, cinco cerdos, uno negro, uno negro y blanco, uno colorado con manchas blancas y de otros colores, *los cuales le habían sido entregados al acusado para su cuido.*"

El perjudicado señor López Abril declaró que le había dejado los cerdos al acusado "para que me los cuidara hasta el día de Noche Buena" (t. 8 y 9), "para cuando yo me los trajera pagar algo al acusado por el cuido de ellos" (t. 9); "al ir a buscar mis cerdos, yo ví al señor (señalando al acusado) en el matadero clausurado, en un matadero clausurado de Guaynabo (t. 10); entonces ví saliendo humo del matadero ese (t. 10); fuí al Cuartel y en el Cuartel informé que yo tenía esos cerdos en poder de este señor ... que los cerdos eran míos y que en el matadero clausurado estaban matando cerdos ... vinimos al matadero y yo identifiqué tres de los cerdos míos allí (t. 10); habían tres y los otros los había matado (t. 10); sobre esos tres cerdos yo le dije al señor Juez de Paz de Guaynabo de quién los había comprado y se los identifiqué y entonces el señor Juez de Paz de Guaynabo nos dijo ... que dejaran esos tres cerdos bajo el cuidado de la corte; nos dijo, esos cerdos están bajo las reglas de la corte ... entonces el señor Juez puso a un señor llamado Francisco como guardián de los cerdos ... entonces yo me vine para acá para Bayamón y al otro día cuando voy a ver mis cerdos resulta que el señor (señalando al acusado) le había quitado los tres cerdos a la persona que los estaba cuidando bajo las órdenes del Juez de Paz de Guaynabo y los había matado y los había vendido en carne" (t. 11); "yo no recibí nada, ni un centavo de él" (t. 12). Cuando se le pregunta, qué tiempo estuvo el acusado cuidando los cerdos esos, contesta: "eso fué cuestión de un mes" (t. 14). Según declara el propio testigo del señor Fis-

cal, don José Rosa Reyes, el acusado representaba al perjudicado en otros negocios de carne (t. 21); que el acusado pagaba la carne a nombre del perjudicado: "yo estuve comprando y vendiendo cerdos y reses que pertenecían al señor López Abril, y quien me daba la carne y quien se entendía conmigo era este señor (el acusado); que yo se la pagaba a él y este señor (el acusado) se la pagaba a Julio López Abril", (t. 21).

■ El acusado y apelante tiene razón en el sentido que la prueba no es suficiente para sostener una acusación de hurto mayor. La sec. 426 del Código Penal de Puerto Rico define el delito de hurto como "el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona". Mal puede alegar una persona que otra le ha sustraído su propiedad, cuando la primera le entrega voluntariamente a la segunda la propiedad, dándole posesión de la misma para ciertos fines mercantiles o civiles.

La diferencia entre hurto (*larceny*) y abuso de confianza (*embezzlement*) estriba en la forma cómo el delincuente obtiene la propiedad, objeto de la apropiación ilícita para uso propio. Cuando el acusado está en posesión de la propiedad convertida legalmente, la apropiación ilícita se convierte en un delito de abuso de confianza. Cuando el acusado sólo tiene la custodia de la propiedad, y valiéndose de dicha custodia adquiere la posesión ilegalmente, la apropiación ilícita se convierte en un delito de hurto.

■■ La jurisprudencia tiene establecido el principio que el delito de hurto debe perpetrarse mientras la cosa está en posesión del dueño, dentro del edificio de su negocio o residencia, o en tránsito de un sitio para otro en virtud de instrucciones del dueño para su entrega a otra persona; así el dependiente o el tenedor de libros, o el cajero con relación a los géneros y valores de un establecimiento mercantil o una institución bancaria; el criado con relación a los muebles y enseres de un domicilio; el palafrenero con relación a los caballos de un establo; el pastor con relación al rebaño dentro

de la finca del dueño, el mandadero con relación a los objetos que se le ha ordenado entregar a otra persona; los celadores con relación a la mercadería que se les ha ordenado guardar dentro de los almacenes. En todos estos casos, el dependiente, el tenedor de libros, el cajero, el criado, el palafrenero, el pastor, el mandadero, el celador *tienen la custodia*, y hasta cierto extremo, la posesión, pero es una posesión figurativa en representación del dueño, una posesión que resulta consustancial (*inherent*) con su empleo ordinario, y que se reconoce como pura custodia (*bare custody*) (*mere custody*), y cualquiera apropiación ilícita de los bienes bajo su custodia constituye un delito de hurto.

Ahora bien, cuando la posesión es la posesión independiente en virtud de una operación de negocio que ha de realizarse fuera del sitio bajo el dominio inmediato del dueño, que le concede al encargado de dicha propiedad cierto cuidado, manejo o dominio, producto del propio discernimiento del encargado, la tenencia de los bienes se considera mejor como un depósito, entrega o relación de confianza, o sea, se entiende que la persona encargada está ella misma en posesión legal de los bienes o cosas, y cualquiera apropiación ilícita de los bienes en su posesión constituye un delito de abuso de confianza: 2 Warton's *Criminal Law 1398* (Ed. de Lawyers Cooperative Publishing Co. de 1932), cita precisa a las págs. 1436, 1470, 1483, 1508, 1521; 125 A.L.R. 367—anotación sobre cómo afecta el delito de hurto la diferencia entre lo que es custodia y lo que es posesión; 62 A.L.R. 354, anotación sobre uso no autorizado de propiedad ajena en poder de alguien que resulta poseedor legal como hurto.

■■ El caso de *El Pueblo* v. *Martín*, 26 D.P.R. 648 en que parece haber descansado la ilustrada sala sentenciadora es distinguible. Dicho caso no consideró al acusado como poseedor legal del bien apropiado: "no se puede concebir que El Pueblo de Puerto Rico hubiera delegado la posesión de la propiedad nombrando un guardián" (cita precisa a la pág. 650). Se trata pues de la posesión figurativa de que goza

el Estado en relación a sus empleados. Asumiendo aunque sin resolverlo, que un Juez de Paz pueda despojar a un poseedor de la posesión legal que le ha sido concedida por el dueño para fines de investigación, tenemos que concluir que la acusación presentada en este caso no resulta suficiente para que podamos condenar al acusado y apelante por este posible segundo delito, y menos, por un delito de hurto mayor.

*Debe revocarse la sentencia apelada, sin perjuicio de que el ministerio fiscal formule nueva acusación por el delito de abuso de confianza, si es que a su juicio la misma procede.*