EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL A. RODRÍGUEZ SOSA, acusado y apelante.

*Número:* CR-63-54      *Resuelto:* 27 de enero de 1964

*José Rafael Gelpí,* y *Manuel Abréu Castillo,* abogados del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto de un delito de Hurto Mayor cometido valiéndose de tretas y engaño. En apelación alega que el Tribunal Superior cometió error, 1) "al sentenciar al acusado sin que hubiese prueba de que no existía la Corporación de cuya fraudulencia se alega en la acusación", y 2) "al sentenciar al acusado sin haber pruebas para una convicción".

■ El primer señalamiento es frívolo. La corporación ficticia de la cual el acusado se hacía pasar como Presidente se denominaba "First International Trust Company." La certificación negativa expedida por el Departamento de Estado—que fue admitida en evidencia—demostró que la referida Corporación no estaba registrada en dicho Departamento. La tarjeta de identificación del acusado y los recibos y certificados de subscripción de bonos firmados por éste a las personas a quienes vendía acciones de la corporación y que nunca entregó, se refieren a la "First International Trust Company". El hecho de que una testigo se refiriera a la corporación como "International Trust Company" no destruye la realidad de que el nombre de la corporación usado por el acusado para cometer el hurto mediante engaño y fraude, era el de "First International Trust Company". Por lo tanto el fiscal no venía obligado a probar que la "International Trust Company" tampoco estaba registrada en el Departamento de Estado.

■ El segundo señalamiento es igualmente frívolo. La prueba de cargo, única que tuvo ante sí el Jurado porque el acusado no presentó prueba de defensa, demostró que éste cometió el delito de Hurto Mayor valiéndose de tretas y engaño. Mediante representaciones de que él era Presidente de una corporación dedicada a financiar negocios, indujo a la señora Rita Díaz Astacio a comprarle acciones de dicha corporación por valor de mil dólares. No entregó las acciones a la compradora bajo el pretexto de que se estaban imprimiendo. Nunca entregó esas acciones, ni devolvió a la compradora su importe. Ni existía la corporación ni las acciones que vendía. Como Presidente de esa corporación ficticia recibió dinero de un comerciante para financiarle la ampliación de su negocio. Nunca llegó el financiamiento ofrecido, ni devolvió el dinero que para ello recibió. Hay otros detalles en la prueba pero lo expuesto anteriormente establece la comisión del delito imputado al acusado. Éste engañó a la señora Rita Díaz

Astacio, representando ser el Presidente de una corporación, que en realidad no existía, y la indujo a que le entregara mil dólares para la compra de acciones de esa corporación. Dicha suma no fue invertida por el acusado, como no pudo haber sido invertida, en la compra de las mencionadas acciones porque éstas no existían. Por el contrario el acusado se apropió de los $1000.00 para su propio uso. El acusado, pues obtuvo la posesión de los $1000.00 fraudulentamente y con la intención criminal de apropiarse de ellos para su propio uso. Eso es suficiente para establecer el delito de Hurto mediante engaño, fraude o tretas. Véase, *Pueblo* v. *Ríos*, 69 D.P.R. 830 (1949).

*Se confirmará la sentencia apelada.*