EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN JOSÉ CORTÉS MUÑIZ, acusado y apelante.

*Número:* CR-65-459      *Resuelto:* 7 de noviembre de 1966

*P. J. Santiago Lavandero,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Juan José Cortés Muñiz, acusado y convicto del delito de hurto mayor, fue condenado a la pena de uno a cinco años de presidio. El juicio en este caso terminó en abril de 1961.

En apelación apunta que (1-a) el veredicto es nulo porque la acusación es fatalmente defectuosa e insuficiente por no imputar el delito por el cual se le procesó u otro por el cual pudo seguirse otro proceso a base de los hechos que el fiscal intentó probar; (1-b) que la determinación de causa probable vicia de nulidad todo el proceso porque la prueba por la que se sometió el caso para la determinación de causa probable no apoyaba acusación alguna por el delito de hurto mayor sino por el de falsificación de documentos de crédito con intención de defraudar o falsa representación o por abuso de confianza; (1-c) la certificación del fiscal al calce de la acusación es inexacta, contraria a la realidad y errónea porque del Exhibit IV aparece que "lo que él investigó y obtuvo prueba" fue si acaso de un desfalco (abuso de confianza) como él mismo lo calificó en dicho Exhibit IV; (2) que el tribunal incidió al denegar la moción sobre *"arrest of judgment"* basada en los anteriores fundamentos, y al denegar los planteamientos titulados "Alegaciones Suplementarias" fundados en que: a) instruyó y ordenó que el jurado se llevara consigo todos los exhibits, inclusive la confesión original del acusado (34 L.P.R.A. sec. 783), y b) sus instrucciones fueron inválidas porque (i) no dio instrucciones sobre el alegado *"larceny by trick"* imputado por el fiscal en su acusación (ii) toda la prueba lo más que podía establecer era un abuso de confianza (iii) no dio instrucciones sobre el posible delito de hurto menor, pues hubo prueba de que ninguna de las apropiaciones de dinero por parte de Cortés Muñiz excedió de $75 (iv) fue inválida la instrucción de que "la prueba de

un solo testigo es suficiente en un caso como éste"; (3) el veredicto fue indeterminado ya que no expresó cuantía cierta alguna como sustraída por Cortés Muñiz; (4) la acusación de hurto mayor es nula porque cada sustracción aislada constituyó separadamente un delito de hurto menor y porque la prueba tendía a establecer que el dinero le llegaba legalmente a la posesión de Cortés Muñiz; (5) no se estableció el "*corpus delicti*"; (6) el tribunal incidió al denegar la moción de nuevo juicio, fundada en que no informó o instruyó al jurado de cuándo es que se comete el delito de "*larceny by trick*" y (7) el tribunal intervino en el proceso en forma gravemente adversa y perjudicial al apelante según surge del récord y se explica por sí sola.

■ 1.— (a) El primer apuntamiento en síntesis cuestiona la validez del veredicto porque la acusación no imputa el delito por el cual se procesó a Cortés Muñiz. La misma alega que éste, "ilegal, voluntaria y maliciosamente y con intención fraudulenta de cometer hurto y privar permanente a su dueño de su legítima pertenencia, sustrajo de la Fairfield Mfg. Co. . . . una cantidad de dinero en exceso de $100 (alrededor de $3,000) . . . ." Se arguye que nuestro dictamen en *Pueblo* v. *Acevedo*, 43 D.P.R. 340 (1932), sosteniendo una alegación de hurto sustancialmente similar a éste es incorrecta y que lo que en derecho se alegó en la acusación en este caso fue un delito de abuso de confianza. No tiene razón. Aunque siempre es preferible que la acusación se redacte, hasta donde sea posible, en el lenguaje del estatuto (33 L.P.R.A. sec. 1681), que define el delito que se imputa en la misma, nos reafirmamos en el razonamiento que expusimos en *Acevedo*, supra, y por lo tanto concluimos que la acusación en cuestión es suficiente e imputa a Cortés Muñiz la comisión de un delito de hurto mayor. *Pueblo* v. *Menéndez*, 64 D.P.R. 825 (1945).

(b) La determinación de causa probable que dio lugar a la acusación indudablemente se basó, correctamente a nues-

tro juicio, en las declaraciones juradas de Fritz Marcel Leff-
man, administrador de la fábrica Fairfield, y del propio
Cortés Muñiz, suscritas por un fiscal. La declaración del
Sr. Leffman explica que Cortés Muñiz preparaba las nóminas
semanales de la fábrica basadas en las tarjetas de asistencia
y horario de los empleados; que el Sr. Leffman revisaba las
tarjetas pero no las nóminas; que durante el período comen-
zando en 23 de enero de 1957 hasta abril de 1958 Cortés
Muñiz insertaba en las nóminas los nombres de personas que
no trabajaban en la fábrica y que Cortés Muñiz retenía el
dinero correspondiente a tales personas. La declaración ju-
rada de Cortés Muñiz revela que en ocasiones esta retención
excedió $100 por nómina semanal. Sobre esta cuestión copia-
mos a continuación, con nuestra aprobación, del informe del
Procurador General:

"No se trata del delito de falsificación [33 L.P.R.A. sec. 1641]
porque el acusado no hizo falsamente, alteró, falsificó o imitó
ninguno de los instrumentos que señala la ley. El acusado estaba
autorizado a preparar bajo su firma un requerimiento para la
preparación del cheque correspondiente a la nómina semanal.
Este instrumento preparado por él no era intrínsecamente o de
su faz fraudulento. El fraude consistió en que solicitaba una
suma de dinero impropia.

"Tampoco estaba envuelto el delito de obtener dinero me-
diante falsa representación. [33 L.P.R.A. sec. 1815.] En este
delito es necesario que el propietario sea inducido, mediante
engaño, a desprenderse del título de la cosa. Respecto a la dis-
tinción entre este delito y el de hurto se dice lo siguiente en la
obra del tratadista Wharton. [2 Wharton's *Criminal Law and
Procedure*, sec. 509, a la pág. 184.]

'La distinción es sutil en muchos casos. El carácter y la
naturaleza del delito depende de la intención de las partes.
La intención del dueño de no desprenderse de su propiedad
al ser despojado de la posesión es en esta clase de casos la
médula y la esencia del delito de hurto y el punto vital del
cual depende el delito y la determinación del mismo. La dis-
tinción correcta es que si por medio de cualquier engaño o
treta, fraude o artificio el dueño de una propiedad es inducido

a desprenderse de su posesión nada más, con la idea de retener el título de la propiedad, tal despojo cuando la intensión criminal está presente será hurto, mientras que si el dueño se desprende no sólo de la posesión de la propiedad sino del título a la misma, el delito que cometerá la parte que así lo obtenga no será hurto.'(¹)

"En el caso que nos ocupa, la perjudicada Fairfield Manufacturing Co., no se desprendió del título del dinero cuando se lo entregó al acusado. Éste tenía la encomienda de utilizar el dinero para un propósito específico, es decir, para pagar los sueldos a los empleados y, en consecuencia, sólo tenía un control físico sobre el dinero y ni siquiera la posesión legal del mismo.

'Qué constituye posesión y qué constituye mera custodia dentro del significado de estas reglas no podrá determinarse a base de ninguna fórmula específica, y se ha resuelto que a la persona a quien el dueño le entrega alguna propiedad con un propósito limitado, especial o temporero se puede considerar como que tiene solamente la custodia y por tanto capaz de cometer hurto. . . . [2 Wharton's, op. cit., sec. 466, pág. 107.]

'Ya que el control que un empleado ejercita sobre la propiedad que le confía su patrono es un control físico, esto constituye una custodia y no una posesión y si el empleado despoja al patrono de la posesión comete un delito cuando realiza tal apropiación ilícita. . . . Así que el dinero que le encomienda el dueño a un sirviente o agente para que lo entregue a otra persona o para cambiarlo resultaría en un hurto si éstos se apropiasen del mismo.

'Cuando un empleado hace que su patrono expida cheques pagaderos a un tomador ficticio y el empleado los cobra para su propio beneficio, incurre en un delito de hurto al tomar

---

(¹) Para que quede constituido el delito de obtener dinero mediante falsas representaciones, lo siguiente debe aparecer tanto de las alegaciones como de la prueba, a saber: debe existir la intención de defraudar, el fraude en sí, las falsas representaciones usadas para perpetrar el fraude, y tal perpetración debe haber sido hecha por medio de las falsas representaciones como causa que indujo a la persona dueña de los bienes a desprenderse de ellos. *Pueblo* v. *Flores*, 33 D.P.R. 800 (1924); *Pueblo* v. *Ferrer*, 43 D.P.R. 987, 988 (1932); *Pueblo* v. *Olmeda*, 66 D.P.R. 177, 180 (1946).

y cambiar los cheques.' " [2 Wharton's, op. cit., sec. 468, págs. 112–113.]

(c) El hecho de que en la declaración de Cortés Muñiz el fiscal aparezca informándole a aquél que está investigando un desfalco en la fábrica en cuestión no justifica concluir que la certificación del fiscal al calce de la acusación es inexacta y errónea. La explicación es obvia. El fiscal comenzó su investigación en la creencia de que se trataba de un desfalco pero los hechos revelados por las declaraciones le hicieron concluir que el delito que debía imputársele a Cortés Muñiz era el de hurto mayor.

■ 2.—Se apunta que el error del juez de instancia al ordenar que el jurado se llevara a deliberar las confesiones del apelante, unido a los demás errores incurridos, amerita que se revoque la sentencia en este caso.

Aparece del récord que al terminar sus instrucciones al jurado, el juez sentenciador le dijo que "Se le entrega un blanco de veredicto, copia de la acusación y todos los *exhibits* que han desfilado en este caso". Presumiblemente las dos confesiones formaban parte del grupo de tales exhibits. Tal error, sin embargo, no fue perjudicial al apelante pues éste testificó ampliamente sobre los mismos extremos contenidos en estas confesiones. Además, hubo otra prueba abundante y suficiente de hechos a base de los cuales estaba el jurado en condiciones justificadas de rendir un veredicto de culpabilidad. *Pueblo* v. *Santos López*, 87 D.P.R. 624 (1963); *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563, 572 (1962).

■ 3.—Carece de mérito el apuntamiento al efecto de que las instrucciones fueron inválidas pues no hubo razón en derecho para instruir al jurado sobre *"larceny by trick"* que alega el apelante se le imputó en la acusación. No se hizo tal imputación. Ni es correcto que la prueba lo más que podía establecer era un abuso de confianza. Por el contrario, el propio apelante testificó que incluía el nombre de personas en la nómina de la referida fábrica en las semanas que no

habían trabajado y así se confirma de la constatación de las nóminas contra las tarjetas de asistencia. Hubo prueba de que el apelante retenía, y nunca devolvió, el dinero incluido por él en los sobres de nómina correspondientes a las personas que figuraron en la nómina y que no trabajaron. Hubo prueba de que en algunas semanas el apelante se apropió de más de $100 en esta forma en contra de la voluntad de la Fairfield Manufacturing Co., que era su dueña, y que durante el período de marzo de 1957 a febrero de 1958 el monto de lo que el apelante sustrajo en esta forma ascendió a más de $3,000. No había razón, por lo tanto, para dar instrucciones sobre el delito de hurto menor ni sobre el de abuso de confianza. *Pueblo* v. *Rodríguez Sosa,* 89 D.P.R. 825 (1964); *Pueblo* v. *Andrade González,* 88 D.P.R. 862 (1963); *Pueblo* v. *Rosario,* 80 D.P.R. 624, 629 (1958); *Pueblo* v. *Landráu,* 78 D.P.R. 276, 278 (1955).([2]) Cf. *Pueblo* v. *Torres Pagán,* Sentencia de 7 de noviembre de 1966.

No discutimos los demás errores apuntados ya que se refieren a cuestiones previamente apuntadas y discutidas, y otros que, aunque apuntados, no se argumentan ni fundamentan en el alegato del apelante. Sin embargo, deseamos consignar específicamente que el examen que hemos hecho del voluminoso récord de las vistas en este caso no demuestra que el juez sentenciador interviniese en forma adversa y perjudicial al apelante en alguna ocasión. Por el contrario, se comprueba del mismo que dicho juez dirigió el proceso con mesura y con absoluta imparcialidad.

---

([2]) En *Pueblo* v. *Landráu,* supra, se dijo:

"La diferencia entre hurto (*larceny*) y abuso de confianza (*embezzlement*) estriba en la forma cómo el delincuente obtiene la propiedad, objeto de la apropiación ilícita para uso propio. Cuando el acusado está en posesión de la propiedad convertida legalmente, la apropiación ilícita se convierte en un delito de abuso de confianza. Cuando el acusado sólo tiene la custodia de la propiedad, y valiéndose de dicha custodia adquiere la posesión ilegalmente, la apropiación ilícita se convierte en un delito de hurto."

*Por lo anteriormente expuesto, se confirmará la senten-cia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 12 de julio de 1962.*

El Juez Asociado Señor Santana Becerra concurre con el resultado.