EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WIL-
FREDO CANDELARIO COUVERTIER, acusado y apelante.

*Número:* CR-70-147          *Resuelto:* 18 de octubre de 1971

*Julio García Antique,* abogado del apelante; *Gilberto Gierbolini, Procurador General, y Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Contra el apelante fue presentada la siguiente acusación:

"EN EL TRIBUNAL SUPERIOR DE PUERTO RICO

SALA DE SAN JUAN

EN EL NOMBRE Y POR LA AUTORIDAD
DE 'EL PUEBLO DE PUERTO RICO'
ESTADOS UNIDOS DE AMÉRICA

El Presidente de los Estados Unidos

Criminal Núm. ——

EL PUEBLO DE PUERTO RICO
        vs.
WILFREDO CANDELARIO COUVERTIER

Por: Escalamiento en Primer Grado

El fiscal formula acusación contra WILFREDO CANDELARIO COUVERTIER residente en (residencia ambulante) por un delito de HURTO MAYOR, (FELONY) cometido de la manera siguiente:

El referido acusado, WILFREDO CANDELARIO COUVERTIER, allá en o para el día 16 de marzo de 1969, y en Carolina, Puerto Rico, que forma parte del Tribunal Superior de Puerto Rico, Sala de San Juan, ilegal, voluntaria y maliciosamente con la intención criminal de cometer como en efecto cometió hurto y privar permanentemente a su dueño de su legítima pertenencia, sustrajo de la residencia de la señora ANTERA PERALTA ARROYO, doscientos setenta y cinco dólares ($275) en moneda legal del cuño de los Estados Unidos de América, y un aro y una sortija de matri-

monio valorados en más de cien dólares, pertenecientes dichos bienes muebles a/y de la propiedad de la referida señora ANTERA PERALTA ARROYO."

Celebrado el juicio por tribunal de derecho, el apelante fue hallado culpable del delito de escalamiento. Fue sentenciado a cumplir de dos a cinco años de presidio.

Apunta el apelante que (1) la acusación no imputa el delito de escalamiento en primer grado del cual fue hallado culpable; y (2) la identificación que se hizo del apelante fue en abierta violación de sus derechos constitucionales. No tiene razón, como se verá a continuación.

(1) Es cierto que la acusación no imputa el delito de escalamiento en primer grado ya que en ella no se alega la penetración ilegal a la morada durante la noche con la intención de cometer hurto o ratería.

■ Sin embargo, la calificación del delito ". . . hecha por el Fiscal no es definitiva, ya que son los hechos alegados en la acusación, y no las etiquetas formales, los que deben servir de base para la verdadera identificación del delito imputado y de la disposición estatutaria envuelta." *Pueblo* v. *Bermúdez*, 75 D.P.R. 760, 763–764 (1954). *Pueblo* v. *Seda*, 82 D.P.R. 719, 727 (1961).

Obviamente la acusación anterior alega un delito de hurto mayor. *Pueblo* v. *Landráu*, 78 D.P.R. 276 (1955). La prueba aducida plenamente sostiene que el apelante penetró de noche en la morada de la familia Arroyo, atacó allí a la señora Antera Peralta de Arroyo, quien se resistía con tal energía no obstante los golpes que recibió que el apelante salió de la casa no sin antes sustraer del bolso de dicha señora la suma de $275, un aro de matrimonio y una sortija de compromiso.

■ En este caso, como en *Pueblo* v. *Rodríguez*, (a) *Cartucho*, 46 D.P.R. 542, 544, 546–547 (1934), existe un conflicto entre los hechos probados y la calificación del delito que es en sí una conclusión y, entre ambos, los hechos deben predominar. Además, la condena por el delito de escalamiento

en primer grado no es un error fundamental. Lo que ha ocurrido es que el tribunal ha designado también el delito con un nombre equivocado y nada más, sin que ello ocasionara perjuicio al apelante.

(2) Los hechos que motivan esta causa ocurrieron en 16 de marzo de 1969. Tres días después, al ser llevado el apelante por tres detectives frente a la casa de la señora Arroyo, allí ésta lo identificó como la persona que penetró en su morada en la noche de los hechos y la atacó.

■ La norma sobre la identificación de una persona como la autora de un delito que establecimos en *Pueblo* v. *Gómez Incera*, 97 D.P.R. 249, 257 (caso resuelto en 6 de mayo de 1969), sólo debe aplicarse prospectivamente de manera que no cubre casos, como el que nos ocupa, en que la identificación se realizó con anterioridad a la fecha en que resolvimos *Gómez Incera, supra. Pueblo* v. *Cruz Jiménez*, 99 D.P.R. 565 (1971); *Stovall* v. *Denno*, 388 U.S. 293, 296 (1967).

■ Además, la determinación de si los defectos en el procedimiento para la identificación de un sospechoso pueden violentar el debido procedimiento de ley depende de la totalidad de las circunstancias que rodearon el procedimiento de identificación.

En este caso la prueba demuestra que la Sra. Arroyo forcejeó con el apelante durante unos cinco u ocho minutos. Aunque de noche, la luz de un cercano poste de luz de mercurio penetraba y alumbraba por una ventana la habitación en que se encontraba la señora. Entonces notó que el atacante "estaba bien sucio . . . bastante barbú y con mucho pelo"; tenía bigote; era "de color"; vestía *sweater* negro y pantalón oscuro; era "un hombre que medía algunos cinco ocho, cinco nueve aproximadamente." Fue llevada al cuartel de la policía a examinar cientos de fotografías con el fin de tratar de identificar al autor del ataque a su persona y del hurto pero no encontró alguna que se le pareciese. Testificó que en dos fotografías se "parecía un poco en la forma de la frente y el pelo

. . . pero no era la misma cara." El detective Bravo arrestó al apelante el día de la identificación "Porque en la pizarra se estaba buscando a un individuo con las mismas señales del señor acusado y yo había intervenido con él anteriormente, vestía 'sweter' negro con mangas largas, pantalón obscuro y zapatos obscuros, negros." Al llevarlo ese mismo día frente a la casa de la Sra. Arroyo, ésta dijo al detective Bravo y a su esposo que la persona que los detectives trajeron en ese momento "era la misma persona que había penetrado en el hogar . . . estaba con la misma ropa que había penetrado a mi casa." Por último, la Sra. Carmen Belén Rosa de Flores, vecina de la Sra. Arroyo, testificó que se despertó, porque estaba asustada, tarde en la noche de los hechos y oyó un grito afuera; abrió la ventana y "Miré para casa de Antera . . . me di cuenta que los gritos salían de ella, cuando vi el joven que salió corriendo y ella detrás de él corriendo también"; que "El usaba un 'sweter' negro de manga larga, cuello alto"; que usaba pantalón oscuro "ropa obscura toda"; que lo vio por unos treinta segundos; que "El foco que me queda a mí al frente alumbra bastante"; que lo vio a unos 48 a 50 pies de distancia. Al igual que a la Sra. Arroyo, le mostraron muchas fotografías en el cuartel de la policía con el fin de identificar al autor de los hechos pero cuando llevaron al apelante frente a su casa "enseguida lo pude identificar."

■ La prueba que acabamos de relacionar demuestra que las dos testigos tuvieron oportunidad de observar al acusado para luego poderlo identificar a los tres días de ocurridos los hechos. Nótese que no pudieron identificarlo de las numerosas fotografías que se les mostraron explicando la Sra. Arroyo que las caras en las dos fotografías que más se parecían al apelante eran distintas. De acuerdo a los hechos relacionados, concluimos que la identificación del acusado se hizo bajo circunstancias que excluyen la posibilidad de perjuicio o error alguno en contra del apelante y que la misma es confiable. *Pueblo* v. *Irizarry Ocasio*, Sentencia de 4 de

marzo de 1971; *Pueblo* v. *Medina Álvarez*, Sentencia de 4 de marzo de 1970; *Pueblo* v. *Santiago Ríos*, Sentencia de 20 de febrero de 1970.

La sentencia impuesta al apelante está dentro de los límites establecidos por ley como penalidad para el delito de hurto mayor. (33 L.P.R.A. sec. 1685.)

■ Por lo tanto, de acuerdo con lo dispuesto en la Regla 213 de las de Procedimiento Criminal *se modificará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 19 de agosto de 1969, sustituyendo la designación del delito de escalamiento en primer grado que en ella aparece por el de hurto mayor. Así modificada se confirmará.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Hernández Matos no intervinieron.