EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL A. PADRÓ RÍOS, acusado y apelante.

*Número:* CR-76-75      *Resuelto:* 17 de febrero de 1977

*Heyda Vigil McClin, Rafael Pérez Abreu* y *Benigno Alicea Alicea,* abogados del apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Lirio Bernard de González, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue convicto de apropiación ilegal agravada. Como único error impugna la suficiencia de la prueba. Dicho error no se cometió.

█ Se incurre en apropiación ilegal cuando una persona "ilegalmente se apropiare sin violencia ni intimidación, de bienes muebles, pertenecientes a otra persona." El Código Penal la considera agravada, cuando entre otras circunstancias que el Código especifica, los bienes apropiados valen $200 o más. Arts. 165 y 166 del Código Penal; 33 L.P.R.A. secs. 4271 y 4272.

En su comentario al delito de apropiación ilegal, el Código Penal Comentado, publicado por el Departamento de Justicia del Gobierno de Puerto Rico (1974) se expresa a la pág. 204 lo siguiente:

"El Código penaliza bajo el delito de apropiación ilegal a toda persona que ilegalmente se apropiare sin violencia ni intimidación, de bienes muebles pertenecientes a otra persona. Quedan incluidos en el mismo, los delitos del anterior Código Penal sobre hurto, hurto de energías, hurto de uso, hurto de cosa perdida, abuso de confianza, falsa representación, y los que jurisprudencialmente se conocen como hurto mediante treta y engaño y estafa. De esta manera se elimina la confusión que traía la diversificación de tantos elementos en dichos delitos cuando lo esencial es probar si la persona se ha apropiado ilegalmente de bienes que no son suyos.

El Código adopta así, el llamado judicial expuesto por el Tribunal Supremo de Puerto Rico en el caso de *Pueblo* v. *Rodríguez Vallejo,* 100 D.P.R. 426 (1972)."

En el citado caso dijimos, a la pág. 432, lo siguiente:

"Lo importante, desde luego, y lo cual debiera ser el elemento esencial en todos los casos de apropiación ilegal de bienes, es si el acusado se apropió ilegalmente o no de unos bienes que no eran suyos. Poco debiera importar para hacer justicia si los hurtó, o si se los apropió luego 'de que le fueron confiados,' etc. Como bien señalan algunos autores la apropiación ilegal de bienes ajenos debe constituir un solo delito, el cual podría llamarse hurto, pues el nombre no es lo importante, y así se eliminaría la fuente de confusión que constituye la división arbitraria de ese hecho punible en varios delitos estatutarios. Algunas jurisdicciones, nos dice un autor, ya están trabajando en ese sentido: abolir los delitos de abuso de confianza y de falsa representación y cubrir todas esas situaciones, incluyendo la de hurto, con el nombre de hurto (*theft*). Perkins, *Criminal Law*, 1957, págs. 187–190, 240–243, 252–254; Clark & Marshall, *Law of Crimes*, 6ta. ed., 1958, pág. 706 y ss." (Cita 100 D.P.R. 432.)

En el mencionado comentario al Código Penal del Departamento de Justicia, se expresa a la pág. 206:

"Así también, el Código Modelo del American Law Institute propone en su artículo 223, la consolidación de los delitos relativos a la apropiación ilegal de bienes (*theft offenses*), tales como hurto, hurto de uso, abuso de confianza, falsa representación y otros. Según los comentarios a dicho artículo, esta propuesta se basa en que el concepto común que une a estos delitos es la transferencia involuntaria de la propiedad, y el que el autor se apropie de los bienes de la víctima sin el consentimiento de ésta o mediante fraude o engaños."—*Código Modelo*, American Law Institute, Tentative Drafts, Número 1, págs. 101–109.

En el caso de autos el acusado renunció al jurado y no presentó prueba alguna de descargo. Por estipulación de las partes se sometió en evidencia la declaración jurada del perjudicado, Sr. Francisco Sifre Rodríguez. De la prueba surge que el perjudicado es corredor de bienes raíces, con oficina en Vistamar, Carolina, Puerto Rico. En 27 diciembre 1974 el apelante acudió a dicha oficina e informó al perjudicado que deseaba comprar una casa. Luego de varias diligencias que

es innecesario relatar, el acusado hizo una llamada telefónica desde la oficina del Sr. Sifre a un supuesto banco en el cual según él tenía una cuenta y solicitó que le separaran $14,000 para comprar una casa. Se hicieron otras diligencias y se le encargó a un notario que preparase la escritura, la cual éste dijo que estaría lista para el 2 de enero de 1975 y se citaron a las partes para esa fecha para la firma del documento. Antes de esa fecha el apelante le solicitó y obtuvo $500 del Sr. Sifre los cuales dijo que le reembolsaría el mencionado 2 de enero cuando se haría la transacción. Para dicha fecha en que fueron citadas las partes compareció el corredor y los vendedores de la casa pero el apelante no compareció ni volvió más adonde el perjudicado. Le llamó por teléfono diciéndole que tenía problemas pero nunca fue a verle. La referida compraventa no se llevó a efecto. El perjudicado identificó al apelante en unas fotografías que la División de Detectives de la Policía le mostró.

■ De los hechos y las maquinaciones del apelante surge la intención ilegal requerida para cometer el delito en cuestión. El apelante arguye que se trata de un contrato de préstamo. Los hechos demuestran que se trata de lo que la jurisprudencia conoce como hurto mediante treta o engaño, delito que está incorporado en el vigente artículo del nuevo Código Penal sobre apropiación ilegal cometida sin violencia ni intimidación. Dicha apropiación, explica el comentario del citado Código Penal Comentado, pág. 7, "Incluye el malversar, defraudar, ejercer control ilegal, usar, sustraer, apoderarse, o en cualquier forma hacer propia cualquier bien o cosa en forma temporal o permanente."

■ Las maquinaciones del apelante haciéndole ver al perjudicado que tenía una cuenta en un banco y su subsiguiente desaparición cuando obtuvo los $500 demuestran la intención criminal y la treta o engaño. *Pueblo* v. *Rodríguez Sosa,* 89 D.P.R. 825 (1964); *Pueblo* v. *Ríos,* 69 D.P.R. 830 (1949).

*Se confirmará la sentencia apelada.*