EL PUEBLO DE PUERTO RICO, apelado, *v.* MÁXIMO MIRANDA ORTIZ, acusado y apelante.

*Número:* CR-84-23          *Resuelto:* 9 de abril de 1986

*Carlos J. López Feliciano*, abogado del apelante; *Roberto Schmidt Monge, Procurador General, Doris Zoé Pons Pagán, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

El apelante, Máximo Miranda Ortiz, fue hallado culpable, luego de juicio por jurado, de una infracción al Art. 166 del Código Penal, 33 L.P.R.A. sec. 4272, apropiación ilegal agravada. El juez de instancia dictó sentencia el 15 de marzo de 1984, le condenó a seis (6) años de reclusión, y le otorgó el beneficio de sentencia suspendida. Apeló.

La prueba desfilada estableció los siguientes hechos:

El apelante es hojalatero de profesión con talleres ubicados en la Avenida Campo Rico, Urbanización Castellana Gardens, en Carolina. Se dedicaba a arreglar y pintar automóviles para la compañía distribuidora Dávila Auto. La perjudicada, Rosa Julia Sorrentini, trabajaba para dicha compañía a cargo del pago de arbitrios de los autos importados

por ésta. Dicha compañía fue objeto de un embargo en noviembre de 1978 lo que impidió pagarle en efectivo a la perjudicada por sus servicios rendidos. En su lugar, intentó transferirle dos automóviles, un Oldsmobile de 1979 y un Datsun de 1976.

El Datsun había sido enviado al taller del apelante por el gerente de ventas de Dávila Auto, Sr. José Enrique Ocasio, "para que se le hiciera [n] ciertas reparaciones". [1] La perjudicada declaró que utilizaba el auto Oldsmobile para "gestiones de Dávila Auto" y que en noviembre de 1979 tuvo un accidente automovilístico y que el mismo fue enviado al taller del apelante para reparaciones. Alega que fue al taller en varias ocasiones "a requerirle al acusado que le entregara los automóviles". [2] Nunca lo logró. La perjudicada optó por informarlo a la Policía de Puerto Rico. Se inició el proceso criminal que dio lugar a la sentencia apelada.

El apelante señala la comisión de tres errores, de los cuales sólo es necesario discutir el tercero, por ser el mismo dispositivo del asunto ante nuestra consideración.

■ El apelante sostiene que no se demostró su culpabilidad más allá de duda razonable. Los jueces de instancia y los jurados son quienes están en mejor posición de aquilatar la prueba, *Pueblo* v. *Pagán Díaz*, 111 D.P.R. 608, 621 (1981); *Pueblo* v. *Cruz Granados*, 116 D.P.R. 3 (1984). Su apreciación merece gran respeto y deferencia. *Pueblo* v. *Nevárez Virella*, 101 D.P.R. 11 (1973). Es por ello que, en ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se intervendrá en la apreciación de la prueba que haga el jurado. *Pueblo* v. *Sanabria Pérez*, 113 D.P.R. 694, 699 (1983); *Pueblo* v. *Lebrón González*, 113 D.P.R. 81 (1982); *Pueblo* v. *Burgos Hernández*, 113 D.P.R. 834, 841 (1983). Sin embargo, se ha resuelto que la determinación de si se ha probado la culpa-

---

[1] Véase la pág. 13 de la E.N.P. estipulada por las partes.
[2] Ibíd., págs. 3, 9 y 13.

bilidad más allá de duda razonable es revisable *como cuestión de derecho. Pueblo* v. *Pagán,* supra; *Pueblo* v. *Serrano Nieves,* 93 D.P.R. 56, 60 (1966).

■ Veamos el significado jurídico del precepto de "duda razonable". Se ha definido el mismo en los siguientes términos:

> . . . [N]o es meramente una duda posible. Existe duda razonable cuando después de un cuidadoso análisis, examen y comparación de toda la prueba queda el ánimo de ustedes en tal situación, que no pueden decidir si tienen una firme convicción o certeza moral con respecto a la verdad de los hechos envueltos en la acusación. Esto no significa que deba destruirse toda duda posible ni que la culpabilidad del acusado tenga que establecerse con certeza matemática, sino que la evidencia debe producir aquella certeza moral que convence, dirige la inteligencia y satisface la razón. Duda razonable es una duda fundada, producto del raciocinio de todos los elementos de juicio envueltos en el caso. No debe ser pues, una duda especulativa o imaginaria. La duda que justifica la absolución no sólo debe ser razonable, sino que debe surgir de una serena, justa e imparcial consideración de toda la evidencia del caso o de la falta de suficiente prueba en apoyo de la acusación. *Instrucciones al Jurado para el Tribunal Superior,* San Juan, Rev. Col. Abogados, 1976, pág. 42.

■ Este concepto de duda razonable ha sido aceptado jurisprudencialmente desde principios de siglo. *Pueblo* v. *Dones,* 9 D.P.R. 469, 478 (1905); *Pueblo* v. *Vilar,* 17 D.P.R. 1054, 1057 (1911); *Pueblo* v. *Ortiz Morales,* 86 D.P.R. 456, 468 (1962); *Pueblo* v. *Malavé Sánchez,* 95 D.P.R. 395, 399 (1967); *Pueblo* v. *Gagot Mangual,* 96 D.P.R. 625, 626–627 (1968); *Pueblo* v. *Cruz Granados,* supra.

■ El apelante fue acusado y convicto del delito de apropiación ilegal agravada. El Código Penal define la apropiación ilegal en su Art. 165 (33 L.P.R.A. sec. 4271), en los siguientes términos:

> Toda persona que ilegalmente se apropiare sin violencia ni intimidación de bienes muebles, pertenecientes a otra persona, será sancionada con pena de reclusión por un término que no excederá de seis meses, multa que no excederá de quinientos (500) dólares, pena de restitución, o cualquier combinación de éstas, a discreción del tribunal.

El mencionado Art. 166, en su inciso (b), considera el delito como grave si el valor de los bienes apropiados excede de doscientos dólares.

El elemento esencial del delito es la apropiación, hecho esto en bienes de propiedad ajena. Véanse *Pueblo* v. *Uriel Álvarez*, 112 D.P.R. 312, 316 (1982); *Pueblo* v. *Padró Ríos*, 105 D.P.R. 713, 715 (1977); *Pueblo* v. *Rodríguez Vallejo*, 100 D.P.R. 426, 432 (1972). El significado de la palabra "apropiar" nos la da el inciso (5) del Art. 7 del Código Penal, 33 L.P.R.A. sec. 3022(5), expresa que "incluye el malversar, defraudar, ejercer control ilegal, usar, sustraer, apoderarse, o en cualquier forma hacer propio cualquier bien o cosa en forma temporal o permanente". De éstas, bajo la única que podría caer la posesión del apelante es la de "ejercer control ilegal". Sin embargo, entendemos que la posesión de los autos de parte del apelante, dado los hechos particulares aquí envueltos, no cae bajo este renglón.

El término "ilegal" en dicha fraseología "se define como todo acto en contravención de alguna ley, reglamento u orden". *Instrucciones al Jurado, op. cit.*, pág. 203. La única ley que podría contravenir la posesión del apelante es el propio estatuto de apropiación ilegal. Sin embargo, no encontramos indicio, en la situación de hechos presente, de que el apelante haya tenido la intención de apropiarse de los bienes en cuestión. La intención criminal, *o mens rea*, es generalmente un factor necesario o elemento esencial para cometer un delito. *Pueblo* v. *Miranda*, 79 D.P.R. 710, 716 (1956); *Pueblo* v. *Lucret Quiñones*, 111 D.P.R. 716, 732 (1981). En dicho caso se dijo que "ninguna persona es responsable penalmente

por haber producido cierto resultado delictivo, si al momento de producirlo no existía un estado mental capaz de producir dicho resultado, o sea, la intención específica de producirlo". El Art. 14 del Código Penal, 33 L.P.R.A. sec. 3061, específicamente establece que "nadie podrá ser sancionado por una acción u omisión que la ley provee como delito *si la misma no se realiza con intención* o negligencia criminal". (Énfasis suplido.)

Está claro que el delito de apropiación ilegal es uno que, por su naturaleza, exige que se realice con intención específica de apropiarse de los bienes. *Pueblo* v. *Padró Ríos,* 105 D.P.R. 713, 716 (1977); *Pueblo* v. *Ríos,* 69 D.P.R. 830, 837 (1949); *Instrucciones al Jurado, op. cit.,* pág. 203. La intención criminal es una condición subjetiva y, como tal, sólo puede descubrirse su existencia por las circunstancias que concurren en el hecho delictivo. *Pueblo* v. *De León,* 102 D.P.R. 446 (1974); *Pueblo* v. *Tribl. de Distrito y Colón, Int.,* 74 D.P.R. 838 (1953); *Pueblo* v. *Santiago,* 54 D.P.R. 167 (1939). El segundo párrafo del mencionado Art. 14 del Código Penal establece que "la intención o negligencia se manifiestan por las circunstancias relacionadas con el delito, la capacidad mental y las manifestaciones y conducta de la persona".

La situación fáctica del caso de autos denota una ausencia total de intención criminal. Es innegable el hecho de que existía un contrato de obras entre el apelante y Dávila Auto para el arreglo de todos sus autos, en cuanto a hojalatería y pintura. El testimonio del gerente de ventas de Dávila Auto, José Enrique Ocasio, revela que fue él quien envió el auto Datsun al taller del acusado. (Pág. 13 de la E.N.P.) Dado el negocio existente entre ambos, era lógico que el acusado creyese que dicho auto era de la compañía. Quizás ello explica el porqué del veredicto en la primera deliberación del jurado, donde absuelven por unanimidad al acusado del robo de este

auto. (³) También surge del expediente que el acusado había comenzado las labores de reparación de los vehículos en cuestión.

En cuanto al automóvil Oldsmobile, surgen hechos del expediente que pudieron crear una duda razonable. La propia querellante admite en su testimonio que no recuerda si fue ella o Dávila quien llamó al acusado para que fuese a recoger dicho auto luego del accidente. (Pág. 9 de la E.N.P.) (⁴) También declaró que utilizaba dicho auto "para *hacer gestiones de la compañía*". El conductor de la grúa que fue a recoger al Oldsmobile luego del accidente declaró que la querellante "le preguntó si iba a buscar *el automóvil de Dávila*". El acusado declaró que desconocía que dicho auto era de ella.

■ Bajo las circunstancias limitadas presentes en este caso los actos del apelante al no devolver los vehículos no constituyen un delito punible bajo el Art. 165 del Código Penal, 33 L.P.R.A. sec. 4271; *Pueblo* v. *Colón Tapia*, 101 D.P.R. 423 (1973); *Pueblo* v. *Flores*, 48 D.P.R. 589 (1935). En todo caso podrían entablarse acciones civiles sobre incumplimiento de contrato, reivindicación de bienes muebles, 31 L.P.R.A. sec. 1479, o bajo la Ley sobre Controversias y Estados Provisionales de Derecho, 32 L.P.R.A. sec. 2872(f). Si estuviéramos ante una acción civil, habría que adjudicar si al mecánico le cobijaba el derecho de retención, estatuido en el Art. 1492 del Código Civil, 31 L.P.R.A. sec. 4133, el cual establece que: "El que ha ejecutado una obra en cosa mueble tiene el derecho de retenerla en prenda hasta que se le pague."

(³) El juez tuvo que impartirles instrucciones adicionales ya que se trataba de una sola acusación. El veredicto tenía que cubrir ambas situaciones.

(⁴) El apelante declaró que había recibido una llamada del señor Dávila para que recogiera el Oldsmobile accidentado.

■ La prueba refleja que al apelante nunca se le pagó por el arreglo de estos vehículos y otros que había arreglado y devuelto a Dávila Auto. Sin embargo, no está claro si ya había terminado la obra al momento de ser requerido. Siendo ello así, podría argüirse que no le asistía el derecho a retener el bien mueble. J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1983, Vol. II, T. II, pág. 44. Como señala Scaevola, no es hasta que se ejecuta la obra que surge el derecho a retener el bien hasta que se le pague, Q. M. Scaevola, *Código Civil*, 2da ed., Madrid, Inst. Ed. Reus, 1949, T. XXIV, pág. 188. Aquí el apelante sostuvo que no había devuelto los vehículos porque no se le había pagado y la reclamante no había establecido su interés propietario. En cuanto a lo primero, el tribunal se negó a impartir la instrucción solicitada sobre el efecto del derecho de retención lo cual es objeto del segundo señalamiento de error. Como apuntáramos anteriormente, no es necesario resolver si fue error el no impartir esa instrucción. Nos limitamos a apuntar que en aquellos casos en que estén presentes las circunstancias fijadas por el Art. 1492 del Código Civil, este derecho puede ser levantado como defensa del acusado en un proceso criminal.

Un último hecho incontrovertido es indicativo de la falta de intención criminal del apelante. El agente investigador de la Policía de Puerto Rico, Hipólito Llanos Canales, declaró que "los vehículos en cuestión están en la plazoleta del garage [*sic*] entre la verja de entrada y la estructura de cemento". Si el apelante tenía la intención de apropiarse de dichos vehículos, ¿los hubiese mantenido en su taller por un período entre 3 y 4 años a la vista de todos? No habiéndose demostrado uno de los elementos esenciales del delito, resolvemos que el error señalado fue cometido.

Por los fundamentos expuestos, *se dictará sentencia que revoque la de instancia y absuelva al acusado apelante.*