Per Curiam

*621 TEXTO COMPLETO DE LA SENTENCIA
El caso ante nuestra consideración trata de la apropiación ilegal de un vehículo de motor. El apelante, José Feliciano Negrón, fue encontrado culpable de dicho delito. El Tribunal de Primera Instancia le impuso una sentencia de siete años y medio (7 1/2) de reclusión. El apelante alega que incidió el tribunal al declararlo culpable a base de una prueba insuficiente para establecer su culpabilidad fuera de duda razonable. Por los fundamentos que exponemos a continuación, procedemos a confirmar la sentencia apelada.
El 15 de febrero de 1997, en horas de la madrugada, el agente de la policía Juan Rivera Martínez estaba patrullando distintos sectores de Corozal. Mientras realizaba esta fiinción recibió una querella a través del radio de la patrulla. El retén del cuartel de Corozal, agente Arce, le informó que en el Barrio Negro, Sector Laureano, había una guagua crema, marca Toyota, con dos individuos adentro y que posiblemente ésta era hurtada. La tablilla era 83Q913. El agente Rivera Martínez se dirigió al lugar y localizó el vehículo, el cual estaba cerrado. El agente reconoció a los dos individuos dentro del vehículo, ya que eran vecinos de él. Los ocupantes del vehículo eran Samuel Rivera, que estaba sentado en el asiento del conductor, y José L. Feliciano, que estaba en el asiento del pasajero. Ambos estaban durmiendo dentro del auto.
El agente Rivera Martínez procedió a despertar a Samuel Rivera y le preguntó si ese vehículo era de él. Este le contestó que no sabía de quién era. El agente procedió a caminar alrededor del vehículo. Al lado derecho del auto, por el lado del pasajero, encontró unos documentos tirados en la tierra. Los documentos consistían en una licencia de conducir, la licencia del vehículo, una tarjeta electoral, una tajjeta de identificación de la Autoridad de Energía Eléctrica y una libreta de direcciones y teléfonos. Todos los documentos pertenecían al Sr. Walberto Rolón. La licencia del vehículo, que estaba tirada en el suelo, correspondía al auto investigado. Posteriormente, el agente llamó al cuartel de Corozal para verificar si el vehículo había sido reportado como hurtado, pero el retén le indicó que no.
Después de buscar en la libreta de direcciones y teléfonos encontrada, el agente vio un número de teléfono de Naranjito. Entonces, llamó por radio a una patrulla de Naranjito para que investigara en ese número de teléfono si el vehículo había sido prestado o vendido. Al rato, lo llamaron del cuartel de Naranjito y le informaron que el dueño del vehículo tenía la impresión de que se lo habían hurtado. El agente Rivera Martínez procedió a despertar a José L. Feliciano, quien todavía estaba dormido, les leyó a ambos ocupantes del vehículo las advertencias pertinentes, los puso bajo arresto y luego los llevó al cuartel.
El Sr. Walberto Rolón, dueño del vehículo, lo había estacionado frente a su residencia entre las 12:00 y 1:00 de la madrugada de ese mismo día 15. Por cuestión de seguridad, éste le había quitado el cable de la ignición. Sin embargo, no se vino a dar cuenta de que se lo habían hurtado hasta que el retén de Naranjito lo llamó a las nueve de la mañana y le informó lo que sucedía. El vehículo hurtado tenía un "pedazo de planta" de la ignición hasta la bobina. Esto lo utilizaron para prender el carro, ya que el pedazo de planta hacía la función del cable de la ignición, como conductor de corriente.
En el auto también se ocupó una llave Toyota desgastada que estaba en el encendido, la cual no pertenecía al vehículo, ni al dueño de éste. Además, cuando el señor Rolón identificó el auto como suyo encontró dos cajones de leche que él no había dejado ahí, una goma explotada, la puerta estaba (forzada con un roto) entre medio de la goma y el aro. En adición, la guagua estaba bastante engrasada y él no la había dejado así. El señor Rolón también identificó los documentos que se encontraron tirados en la tierra como suyos. Este indicó que había dejado esos documentos dentro de la guagua. Por último sostuvo que él no había autorizado a nadié para que se llevara la guagua del lugar donde la dejó estacionada.
Con estos hechos, el Ministerio Público presentó una acusación contra José L. Feliciano Negrón y Samuel Rivera Ortiz por infringir el Art. 18 de la Ley para la Protección de la Propiedad Vehicular, Ley Núm. 8 de agosto de 1987, 9 L.P.R.A. see. 3217, que penaliza la apropiación ilegal de un *622 vehículo de motor. La acusación establecía que el día 15 de febrero de 1997, en Naranjito, Puerto Rico, ambos acusados en concierto y común acuerdo entre sí, ilegal, voluntaria, maliciosa y criminalmente se apropiaron, sin violencia ni intimidación, de bienes muebles ajenos consistentes de un vehículo de motor marca Toyota Corolla 1.8, año 1980, tablilla número 83U913, color crema perteneciente al Sr. Walberto Rolón Narváez, siendo el valor del bien ilegalmente apropiado tres mil quinientos dólares ($3,500). También, se alegó reincidencia habitual contra el acusado José L. Feliciano Negrón, ya que anteriormente había sido acusado de delitos graves y las sentencias eran finales y firmes. Ambos acusados renunciaron a su derecho de juicio por jurado, por lo que los procedimientos continuaron por Tribunal de Derecho. El Tribunal de Primera Instancia declaró al acusado José L. Feliciano Negrón culpable por el delito de apropiación ilegal de vehículo y al dictar sentencia le impuso una pena de reclusión de siete años y medio (7 1/2) para ser cumplida consecutiva con cualquier otra que estuviese cumpliendo.
No conforme con el fallo condenatorio del Tribunal de Primera Instancia, el Sr. José L. Feliciano Negrón acude ante nos. Alega que incidió el tribunal al encontrar probado el delito de apropiación ilegal de vehículo, sin pmeba de que estuviese en posesión actual y directa del vehículo en que viajaba como pasajero y sin demostrarse la intención específica de apropiarse del mismo.
El Art. 18 de la Ley para la Protección de la Propiedad Vehicular, supra, en su parte pertinente, dispone lo siguiente:

"Toda persona que ilegalmente se apropiare sin violencia ni intimidación de algún vehículo de motor, perteneciente a otra persona, será sancionada con pena de reclusión por un término fijo de cinco (5) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de doce (12) años, de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de tres (3) años. El tribunal podrá imponer la pena de restitución en adición a la pena de reclusión establecida.

Se entenderá que la apropiación es ilegal en cualquiera de las siguientes circunstancias, cuando la persona:

(1) Se ha apropiado o apoderado del vehículo sin consentimiento de su dueño.

(2)....".

De este artículo se desprende que los elementos de este delito son: (a) apropiarse ilegalmente sin violencia ni intimidación de algún vehículo de motor; (b) el vehículo pertenece a otra persona y; (c) no hay consentimiento del dueño. En esencia, dichos elementos son los mismos que constituyen el delito de apropiación ilegal tipificado en el Art. 165 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 4271. En lo pertinente, este último artículo establece que toda persona que ilegalmente se apropiare sin violencia ni intimidación de bienes muebles, pertenecientes a otra persona, será sancionada con la pena allí estatuida.
En el caso de autos, la conducta del apelante José Feliciano Negrón está claramente tipificada en el delito de apropiación ilegal de un vehículo. Surge de la transcripción de la pmeba testifical que cuando el agente Rivera Martínez fue a investigar la querella que recibió por radio, encontró un vehículo cerrado con dos individuos adentro. El agente los identificó como Samuel Rivera y José L. Feliciano. Ambos estaban durmiendo dentro del auto. Dicho vehículo pertenecía al señor Walberto Rolón, quien no había consentido para que lo usaran.
En el Art. 7 del Código Penal de Puerto Rico, 33 L.P.R.A. see. 3022 (5) y (17), el cual aplica como derecho supletorio de las leyes penales especiales (Art. 5, 33 L.P.R.A. sec. 3005), se definen los siguientes términos:

"(1 )...

(5) Apropiare.- Incluye el malversar, defraudar, ejercer control ileeal. usar, sustraer, apoderarse O. en cualquier forma hacer propio cualquier bien o cosa en forma temporal o permanente.

*623 (6).

(17) llegalmente.- Todo acto en contravención de alguna ley, reglamento u orden.

(18)...".

En el caso ante nos, los hechos probados caen dentro de la definición de "apropiare" contenida en el Código Penal de Puerto Rico. Tanto el apelante como el coacusado Samuel Rivera, estaban durmiendo dentro de un vehículo hurtado. Ambos estaban usando, ocupando y ejerciendo control sobre el mismo, sin la autorización de su dueño.
Por otro lado, la intención específica de apropiarse del vehículo es una condición subjetiva y sólo puede descubrirse su existencia atendiendo a las circunstancias particulares que concurren en el hecho delictivo. Pueblo v. Miranda Ortiz, 117 D.P.R. 188, 194 (1986). En el caso de autos, es evidente que la apropiación fue ilegal, pues fue en contravención a la ley que precisamente se le imputó violar. El propio inciso (1) del Art. 18 de la Ley para la Protección de la Propiedad Vehicular, supra, dispone expresamente que una de las circunstancias que comprende la apropiación es cuando la persona se ha apropiado o apoderado del vehículo sin el consentimiento de su dueño.
En adición, la prueba circunstancial que desfiló en el juicio justifica el fallo condenatorio del Tribunal de Primera Instancia. Cuando el agente Rivera Martínez halló el vehículo hurtado, lo encontró con un "pedazo de planta" de la ignición hasta la bobina, el cual utilizaron para prender el mismo. También, tenía una llave Toyota desgastada puesta en el encendido, la cual no pertenecía al vehículo ni al dueño de éste. Además, la puerta estaba forzada. El agente Rivera Martínez encontró unos documentos, que el dueño había dejado dentro del auto, tirados en el suelo por el lado derecho del automóvil, específicamente por el lado en que se encontraba el apelante.
Al evaluar estos eventos y circunstancias, unido además, al hecho de que no había transcurrido mucho tiempo desde que el dueño del vehículo lo estacionó en su residencia (12 de la media noche a 1:00 de la madrugada) y la hora en que la policía intervino con el acusado (horas de la misma madrugada), nos llevan a concluir que el tribunal apelado no erró en su fallo condenatorio. La prueba cincunstancial fue suficiente, unida al hecho de que el dueño del vehículo no autorizó su uso, para la convicción del apelante por el delito de apropiación ilegal de vehículo, Art. 18, supra. Resolvemos, además, como cuestión de derecho que en este caso se probó más allá de duda razonable la culpabilidad del apelante y que el tribunal a quo no incidió en su dictamen.
Cabe señalar que el apelante, pasajero en el vehículo hurtado, como alega éste en su escrito de apelación. El apelante y el otro acusado estaban dormidos dentro del auto, el cual estaba cerrado. El vehículo no estaba en movimiento, por lo que ambos ocupantes tenían el control del mismo y lo estaban utilizando. Los hechos del caso de Pueblo en Interés Menor F.S.C., 128 D.P.R. 931 (1991), citado por el apelante son claramente distinguibles a los del caso de autos. Allí el menor meramente viajaba como pasajero en el vehículo que había sido robado cuatro días antes.
Por otro lado, el apelante pretende suscitar duda razonable a base de que nadie lo vio llevarse el automóvil de donde su dueño lo dejó estacionado. Pierde de vista que la ley no exige que un hecho se pruebe con certeza matemática, y que la evidencia circunstancial es intrínsecamente igual que la evidencia directa. Pueblo v. Salgado Velázquez, 93 D.P.R. 380, 383 (1966).
Sobre el concepto de duda razonable, el Tribunal Supremo ha expresado que "no quiere decir que toda duda posible tenga que ser destruida y que la culpabilidad del acusado tenga que establecerse con certeza matemática, sino evidencia que establezca aquella certeza moral que convence, dirige la inteligencia y satisface la razón. Duda razonable es una duda fundada, producto del raciocinio de todos los elementos del juicio envueltos en el caso. No debe, pues, ser una duda especulativa o imaginaria". Pueblo v. Ramos Miranda, 140 _ D.P.R. _, 96 J.T.S. 51; Pueblo v. Bigio Pastrana. (1996), 116 D.P.R. 748, 761 (1985).
En el caso de autos la prueba aportada por el ministerio público, no sólo fue suficiente sino *624 también satisfactoria. Aunque indirecta o circunstancial, la prueba de cargo permitía hacer la inferencia de que tanto el apelante como el coacusado Samuel Rivera, sabían o debían saber que el vehículo en que dormían plácidamente cuando fueron sorprendidos por un agente de la policía que respondía a una querella de evidente iniciativa ciudadana, era hurtado. El aspecto físico del automóvil hurtado que exhibía la Toyota 1.8 y los documentos descartados y lanzados al suelo, justo al lado del asiento que ocupaba el apelante, unido a la proximidad en tiempo entre el hurto del automóvil y su hallazgo en posesión y control de los dos compinches, son elementos probatorios de mucho peso para dejar establecida la culpabilidad del apelante fuera de duda razonable. Este sabía, o por lo menos debió saber, que usar y ejercer control sobre dicho vehículo era un acto de apropiación al amparo de nuestro ordenamiento penal.
Por las consideraciones anteriores, se confirma la sentencia apelada.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General