# 98 DTA 184

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE ARECIBO-UTUADO

JORGE L. HERRERA MORA
Promovido-Recurrido

v.

WANDA HERRERA
Promovente-Peticionaria Ex-Parte

Núm. KLCE-98-00225

San Juan, Puerto Rico, a 27 de abril de 1998

Panel integrado por su Presidenta, Juez Rivera de Martínez
y los Jueces Rivera Pérez y Soler Aquino

Soler Aquino, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso se solicita a esta Curia la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 5 de febrero de 1998 notificada y archivada en autos el 11 de febrero de 1998. En la referida resolución el Tribunal de Primera Instancia declaró ha lugar la solicitud de aumento de pensión alimentaria presentada por la parte promovente-peticionaria, concediéndole a dicha parte la cantidad de quinientos cincuenta ($550) dólares mensuales por concepto de pensión alimentaria a la menor.

### I

El 14 de marzo de 1997 la señora Wanda Herrera (en adelante promovente peticionaria) solicitó ante el Tribunal de Primera Instancia aumento de pensión alimentaria para su hija menor de 15 años de edad. La pensión de la cual se solicita el aumento fue fijada en el mes de octubre de 1982 por la

cantidad de cincuenta ($50.00) dólares semanales. Al momento de radicada la solicitud de aumento de pensión alimentaria, el señor Jorge L. Herrera Matos, padre de la menor, (en adelante promovido-recurrido) había estado pagando la cantidad de setenta ($70.00) dólares mensuales más ciento treinta y siete ($137.00) dólares por concepto de los gastos de educación privada de la menor.

Durante los días 20 de noviembre y 16 de diciembre de 1997 se celebraron vistas con relación a la petición de aumento de pensión por parte de la promovente-peticionaria. En las referidas vistas se presentó evidencia documental y testimonio pericial conducente a determinar los ingresos y la capacidad económica de las partes que le dieran base suficiente al Tribunal de Primera Instancia para conceder un aumento en la pensión alimentaria de la menor en este caso. En sus determinaciones de hecho, el Tribunal de Primera Instancia concluyó que el promovido recurrido tiene ingresos netos de setenta y cinco mil trescientos cincuenta y un ($75,351) dólares anules, cantidad por la cual el promovido goza de exención contributiva en un 90%. Cabe señalar, que luego de deducir la cantidad de tres mil novecientos treinta y seis ($3,936) dólares del pago del plan de salud, además de un quince porciento por el pago del seguro social, el Tribunal de Primera Instancia concluyó que el ingreso neto anual del promovido recurrido ascendía a la cantidad de sesenta mil trece ($60,013) dólares. Esto significa un ingreso aproximado mensual de cinco mil ($5,000) dólares.

De estas determinaciones de hechos, el Tribunal de Primera Instancia concluyó que la parte peticionaria-promovente no pudo demostrar una necesidad para el alimentista mayor de cuatrocientos trece ($413) dólares mensuales. Conforme a lo anterior, el tribunal de instancia declaró ha lugar la solicitud de aumento de pensión alimentaria, concediendo además la cantidad de ciento treinta y siete ($137) por concepto de mensualidades para el colegio, para un total de quinientos cincuenta ($550) dólares mensuales por concepto de la pensión alimentaria de la menor alimentista.

Inconforme, la parte promovente-peticionaria acude ante nos señalando el siguiente error:

*"Erró el Tribunal de Primera Instancia en la apreciación de la prueba presentada y al determinar la pensión alimenticia de $550.00 mensuales por ser ésta contraria a lo dispuesto en la Ley Especial de Sustento de Menores."*

## II
La obligación de los padres de alimentar a los hijos proviene de dos fuentes legales: (1) de la patria potestad, Art. 153 del Código Civil, ▮ que dispone el deber de alimentar a los hijos menores de edad de los que se mantiene la patria potestad aunque no necesiten de dichos alimentos; y (2) en el caso que no tenga la patria potestad y sin importar la edad, cuando se demuestra la necesidad y se tenga la capacidad para proveerlos. ▮

La Ley Orgánica de la Administración para el Sustento de Menores ▮ en lo pertinente dispone que:

*"La obligación de alimentar a los menores se fundamenta en el derecho a la vida, configurado como un derecho inherente a la persona. Proveer para alimentos de menores está revestido del más alto interés público. Esta obligación está consagrada en el Código Civil de Puerto Rico. El padre y la madre tienen, respecto a sus hijos no emancipados, el deber de alimentarlos, acompañarlos, educarlos y representarlos en todas las acciones que redunden en su beneficio."*

Por otro lado, los criterios para determinar la cuantía de la pensión alimentaria, también se encuentran consagrados en la Ley Orgánica de la Administración para el Sustento de Menores. [4]

La Sección 518 de la referida ley dispone lo siguiente:

*"Se presumirá que la pensión alimentaria resultante de la aplicación de las guías es justa, adecuada y en el mejor interés del menor. Dicha presunción podrá ser controvertida por cualesquiera de las partes utilizando los criterios establecidos por el Estado Libre Asociado de Puerto Rico si a base de la evidencia presentada para rebatir la presunción, el tribunal o el Administrador, según sea el caso, determinara que la aplicación de las guías resultará en una pensión alimentaria injusta o inadecuada, así lo hará constar en la resolución o sentencia que emita y determinará la pensión*

*alimentaria luego de considerar, entre otros los siguientes factores:*

*1) **Los recursos económicos de los padres y del menor;***

*2) la salud física y emocional del menor, y sus necesidades y aptitudes educacionales o vocacionales;*

*3) **el nivel de vida que hubiera disfrutado el menor si la familia hubiera permanecido intacta;***

*4) las consecuencias contributivas para las partes, cuando ello sea práctico y pertinente, y;*

*5) las contribuciones no monetarias de cada padre al cuidado y bienestar del menor.*

*Para la determinación de los recursos económicos del obligado a pagar una pensión alimentaria, se **tomará en consideración, en adición al ingreso neto ordinario, el capital o patrimonio total del alimentante.** Se considerarán iguales criterios de la persona custodia para el cómputo proporcional a serle imputado a éste".* (Énfasis nuestro).

Según se desprende del expediente en el caso ante nos, no hay duda de que en el presente caso correspondía que se otorgara a la parte peticionaria-recurrente un aumento en la pensión alimentaria de la menor. Sin embargo, no podemos estar de acuerdo con la cantidad de quinientos cincuenta ($550) dólares mensuales que fue otorgada por el Tribunal de Primera Instancia. A tales efectos, el Tribunal de Primera Instancia concluyó que a pesar de que la pensión básica resultante de las guías ascendía a la cantidad de seiscientos ochenta y ocho ($688) dólares mensuales, la peticionaria no pudo demostrar al tribunal una necesidad para la alimentista mayor de cuatrocientos trece ($413) dólares mensuales.

Como señalamos anteriormente, en la Ley Orgánica para el Sustento de Menores ▪ se disponen unos criterios para la aplicación de dichas guías. Entre estos criterios a considerar se encuentran los recursos económicos de los padres y del menor y el nivel de vida que hubiera disfrutado el menor si la familia hubiere permanecido intacta. Por esta razón, el hecho de que la peticionaria haya especificado una cantidad como el monto total de las necesidades de la alimentista, esto no excluye que se tenga que considerar otros factores que impone la ley para determinar la cantidad total que le corresponde a la alimentista por concepto de la pensión alimentaria. Surge claramente de los documentos sometidos ante nuestra consideración, que de acuerdo a los estados financieros del promovido-recurrido durante los años de 1992 a 1996, [6] éste tiene un capital que sobrepasa el millón de dólares. Específicamente, durante el año de 1996 y según el informe de estados financieros preparado por el Sr. Gregorio Aguilar Padilla, B.B.A., el promovido-recurrido tuvo durante ese período un total de activos y pasivos de tres millones novecientos dieciséis mil ochocientos cincuenta ($3,916, 850) dólares. Luego de deducida la cantidad por concepto de los pasivos, el promovido tuvo durante ese año un capital ascendente a la cantidad de dos millones ciento noventa y cuatro mil ochocientos setenta y nueve ($2,194,879) dólares.

Por otro lado, el Tribunal de Primera Instancia concluyó que la madre peticionaria no genera ingreso alguno por empleo y a su vez tiene otros dos hijos de tres y seis años. No encontramos razón alguna por la cual no se le debe conceder a la parte peticionaria el monto total de pensión alimentaria que corresponde según las guías mandatorias. Es evidente que existe un claro desbalance entre los ingresos de la peticionaria y los ingresos del promovido recurrido.

Es doctrina reiterada que las determinaciones del Tribunal de Primera Instancia deben ser objeto de gran deferencia, en ausencia de circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. ▪ Por ello las determinaciones del juzgador de instancia tienen que gozar de deferencia por este tribunal, por la oportunidad Superior que tuvo dicho foro para aquilatar la prueba testifical. ▪

Sin embargo, aunque un tribunal apelativo no debe intervenir innecesariamente porque puede estar usurpando las facultades adjudicativas del tribunal apelado, ▪ esto no significa que renunciemos a nuestra función revisora en instancias apropiadas y meritorias. Debemos intervenir en los casos en que

dicho foro haya actuado con arbitrariedad, haya incurrido en un abuso de discreción o en aquellas en que actuara movido por pasión, prejuicio o parcialidad. 

Estando presentes las circunstancias que se requieren para intervenir con la discreción del Tribunal de Primera Instancia, en el caso ante nos se procede a modificar la sentencia recurrida al efecto de aumentar la pensión alimentaria impuesta otorgándole a la peticionaria la pensión básica de seiscientos ochenta y ocho ($688) dólares que le corresponde según la aplicación de las Guías Mandatorias para Fijar y Modificar Pensiones Alimenticias en Puerto Rico, además de los ciento treinta y siete ($137) dólares para los gastos de colegio, para un total de ochocientos veinticinco ($825.00) dólares mensuales.

## III

De conformidad con los criterios antes expuestos, se expide el auto solicitado y se modifica la resolución recurrida de manera consistente con lo aquí resuelto y así modificada se confirma.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 98 DTA 184

1. 31 L.P.R.A. sec. 601.

2. 31 L.P.R.A. secs. 561-570; *Key v. Oyola,* 116 D.P.R. 261 (1985); *Viera v. Morell,* 115 D.P.R. 4 (1983).

3. 8 L.P.R.A. sec. 502.

4. *Ibid.*

5. *Ibid.*

6. Apéndice V del escrito de *certiorari.*

7. *Riley v. Rodríguez de Pacheco,* 119 D.P.R. 762 (1987).

8. *Pueblo v. Miranda Ortiz,* 117 D.P.R. 188 (1986).

9. *Morán Simón v. Gracia Cristobal,* 106 D.P.R. 155 (1977).

10. *Benítez Guzmán v. García Merced,* 126 D.P.R. 302 (1990).