OPINION DISIDENTE DE LA JUEZ DE APELACIONES SRA. RODRIGUEZ DE ORONOZ — 98 DTA 115
San Juan, Puerto Rico, a 12 de marzo de 1998
Disiento, con respeto, de la decisión de la mayoría. Estimo que el Ministerio Público no probó los elementos del delito de exposiciones deshonestas (Art. 106 del Código Penal, 33 L.P.R.A. 4068) más ..IN de duda razonable y por ello revocaría la convicción.
I
El 26 de junio de 1996, las agentes Felicita Coreano Rivera y Marta Bosquet Ortega se *1220 encontraban vigilando el área cercana a la Universidad Interamericana, Recinto de Río Piedras. De acuerdo con los hechos que el Procurador General expone en su escrito, dichas agentes estaban patrullando el área de la universidad en ropa civil cuando se percataron de que una persona se encontraba en un automóvil que estaba estacionado en la calle Sein, intersección con la calle San Roberto. Por razón de que el referido automóvil había estado estacionado alrededor de 30 a 45 minutos, las agentes decidieron intervenir con la persona que se encontraba en su interior. De acuerdo con el relato del Procurador General, en el momento en que se produjo la intervención, las agentes se percataron de que la persona en el interior del auto tenía su miembro viril en la mano y estaba masturbándose. Las agentes se identificaron como policías y lo arrestaron.
La persona arrestada, Enrique Colón Martínez (en adelante Colón), fue denunciado por infracción al Artículo 106 del Código Penal, 33 L.P.R.A. 4068, sobre exposiciones deshonestas. El 20 de septiembre de 1996, Colón fue hallado culpable y condenado a pagar una multa de $150. El 26 de septiembre de 1996 presentó escrito de apelación ante nos. Como parte del proceso apelativo, el 21 de octubre de 1996, Colón solicitó autorización para someter una exposición narrativa de la prueba, a lo cual accedimos el 21 de noviembre de 1996. El 6 de diciembre de 1996, el Ministerio Público presentó ante el tribunal de instancia sus objeciones y enmiendas a la exposición narrativa de la prueba presentada por Colón previamente. Así, el 27 de abril de 1997, el Tribunal de Primera Instancia emitió una Resolución en la que aprobó la exposición narrativa presentada por Colón con todas las objeciones y enmiendas presentadas por el Ministerio Público. En vista de ello, el 22 de mayo de 1997, ordenamos que se elevara el expediente de apelación. El 20 de octubre de 1997 se presentó el alegato del apelante y el Procurador presentó el suyo el 20 de noviembre de 1997.
La controversia de este caso se reduce a determinar si se probaron todos los elementos del delito de exposiciones deshonestas más allá de duda razonable.
II
La determinación de si la prueba creída por el juzgador demuestra la culpabilidad del acusado más allá de duda razonable no es una cuestión de hecho sino de derecho, susceptible de ser revisada en toda su extención por el foro apelativo. Pueblo v. Miranda Ortiz, 117 D.P.R. 188 (1986); Pueblo v. Pagán Díaz, 111 D.P.R. 608 (1981). De tal manera, nos corresponde determinar si, como cuestión de derecho, los elementos del delito de exposiciones deshonestas quedaron probados más allá de duda razonable.
El precepto constitucional que garantiza al acusado la presunción de su inocencia requiere que toda convicción esté sostenida por prueba que establezca más allá de duda razonable todos los elementos del delito y la conexión del acusado con los mismos. Pueblo v. Rosaly Soto, _ D.P.R. _,(1991), 91 J.T.S. 62; Pueblo v. Ramos y Alvarez, 122 D.P.R. 287 (1988); Pueblo v. Bigio Pastrana, 116 D.P.R. 748 (1985); Pueblo v. Pagán Díaz, supra; Pueblo v. Ortiz Morales, 86 D.P.R. 456 (1962); Pueblo v. Túa, 84 D.P.R. 39 (1962). Ello presupone que el Ministerio Público presente prueba suficiente de la cual el juzgador pueda colegir la configuración de cada uno de los elementos del delito y la relación del acusado con los mismos más allá de duda razonable. Pueblo v. Colón Burgos, _ D.P.R. _ (1996), 96 J.T.S. 52; Pueblo v. Sánchez Molina, _ D.P.R. _ (1993), 93 J.T.S. 140. El requerimiento de dicha clase de prueba no exige que toda duda posible tenga que ser superada por una certeza matemática de la culpabilidad del acusado. Pueblo v. Bigio Pastrana, supra. Más bien, se trata de prueba suficiente y satisfactoria que produzca certeza moral en una conciencia exenta de preocupación. Pueblo v. Colón Burgos, supra.
Hemos considerado la prueba en el caso, tal cual la narra el Procurador General en su alegato y el Ministerio Público en su escrito "Moción sobre Exposición Narrativa de la Prueba, Objeciones y Enmiendas" presentada ante el foro de instancia. Autos Originales, a la pág. 26. Partiendo de tal prueba, resolvemos que el delito en cuestión no fue probado más allá de duda razonable. Nos explicamos.
El delito de exposiciones deshonestas establece que:

"Toda persona que voluntariamente expusiere sus partes pudendas o cualquier otra parte íntima de su cuerpo en cualquier sitio en que se hallare presente otra persona incluyendo agentes del orden 
*1221
público, a quien tal exposición pudiera ofender o molestar, será sancionada con pena de reclusión que no excederá de tres meses o multa que no excederá de doscientos cincuenta dólares.

La pena dispuesta en el presente artículo será de reclusión por un término máximo de seis meses- o "• multa máxima de quinientos dólares si el acto tuviere lugar en presencia de una persona menor de dieciséis años." Código Penal, Art. 106, 33 L.P.R.A. 4068.
Como se capta, el texto del estatuto expone los elementos del delito de la siguiente forma: (a) la persona que voluntariamente expusiere'-sus partes pudendas o, ^cualquier otra parte íntima de su cuerpo; (b) en cualquier sitio en que :se hallare presente-otra persona-incluyendo-agentes del orden público; (c) a quien tal exposición pudiera ofender o molestar. La Profesora Nevarez reitera lo anterior al señalar que los elementos del delito de exposición deshonesta son "la exposición voluntaria de una parte íntima del cuerpo del sujeto activo, en cualquier lugar donde estuviere presente otra persona que pudiera ofenderse o molestarse por tal acto." Dora Nevarez Muñiz, Código Penal de Puerto Rico Revisado y Comentado, a la pág. 169 (Instituto para el Desarrollo del Derecho, Inc. 1993). Véase, además, Código Penal de Puerto Rico Comentado, Oficina de Justicia Criminal del Departamento de Justicia, págs. 132-134 (1974).
El lenguaje del estatuto bajo nuestra consideración establece claramente la prohibición de una conducta objetivamente identificable, cual es exponer las partes íntimas o pudendas en un lugar donde esté presente alguna otra persona que pueda ofenderse. En el caso ante nos, no se presentó prueba suficiente que establezca el modo en que Colón 'expuso sus partes íntimas ni la prueba alude a la presencia de persona alguna que estuviera en el lugar en que se produjo la referida exposición, por lo que no se configuraron los elementos del delito de exposiciones deshonestas.
En la referida "Moción Sobre Exposición Narrativa de la Prueba, Objeciones y Enmiendas", el Ministerio Público expuso lo que manifestaron las agentes Felicita Coreano y Marta Bosquet en el interrogatorio directo del Fiscal. De acuerdo con el referido escrito, la agente Felicita Coreano expresó:

"Que estaba trabajando de civil en el área de los alrededores de la Universidad Interamericana por la alta incidencia criminal en unión a la compañera Marta Bosquet. Que se percatan de la presencia de una guagua pick-up estacionada en la carretera intersección Sein, Calle San Roberto con una persona dentro que llevaba aproximadamente de 30-45 minutos estacionada, motivo por el cual deciden verificar. Que al acercarse al vehículo observó al convicto con su miembro viril en su mano derecha masturbándose (señala al acusado y además, indicó mediante movimientos de arriba hacia abajo cuando dijo masturbándose). Que se sintió ofendida como mujer y como policía.

Como estaba en civil, se identificó como policía, acto seguido, el acusado; [sic] hoy convicto, se subió el zipper de los pantalones, que lo arrestaron y lo llevaron al Precinto de Caimito, que allá se registró por un compañero policía, el cual manifestó que el convicto carecía de ropa interior." Autos originales, a la pág. 26.
De igual forma, en la referida "Moción sobre Exposición Narrativa de la Prueba, Objeciones y Enmiendas", el Ministerio Público resume el testimonio de la agente Marta Bosquet de la siguiente forma:
"Que hacía patrullaje a pie, que estaba con la mujer policía Coreano, que usaba un walkie talkie. Que la llevaron en un carro de la Policía. Que el convicto estuvo allí como en un carro de la Policía. Que el convicto estuvo allí como 30-45 minutos estacionado. Que dieron dos (2) rondas y que en la última intervinieron con el convicto." Autos Originales, a la pág. 27.
Lejos de establecer los elementos del delito de exposiciones deshonestas, la prueba del Pueblo, tal como se recoge en la Exposición Narrativa de la Prueba, sólo establece que Colón estaba dentro de su carro y que a pesar de que las agentes estimaron sospechosa su conducta y de que lo estuvieron ..L^jrvando por un período de 30 a 45 minutos antes de intervenir con él, nunca lograron verlo exponer sus partes íntimas frente a persona alguna que pudiera sentirse ofendida.
*1222 El que una exposición de una parte pudenda haya pasado desapercibida ante dos agentes de la policía cuya mirada investigativa estuvo dirigida por más de media hora hacia donde se encontraba el sujeto activo del delito levanta una duda más que razonable en cuanto si en realidad se produjo dicha exposición. El foro de instancia dedujo la exposición de lo observado por las agentes luego de intervenir con Colón quien se encontraba en el interior de su carro. En ello erró, pues la determinación que correspondía hacer era si la prueba demostró, más allá de duda razonable, que las agentes intervinieron con Colón porque vieron de antemano que estaba "exponiendo" sus partes íntimas. Tal determinación no se hizo ni podía hacerla el tribunal porque no hubo prueba a esos efectos. No albergamos dudas en cuanto a que la exposición de una parte íntima, como conducta configurativa de uno de los elementos del delito de exposición deshonesta, no fue demostrada más allá de duda razonable.
Asimismo, la sucesión de eventos que se desprende de los testimonios narrados por el Ministerio Público [en su moción sobre Exposición Narrativa de la Prueba] y del relato del Procurador General, deja de establecer la presencia de persona alguna que funja como sujeto pasivo del delito que tratamos. La presencia de al menos una persona en el lugar en donde aconteció la exposición aducida es un elemento del delito de exposiciones deshonestas sin cuya configuración resultaba improcedente una determinación de culpabilidad. El Ministerio Público no probó la presencia de persona alguna ante quien haya tenido lugar la "exposición". Si bien sostiene que las agentes interventoras son las personas contra quienes se realizó el delito, de su propia relación de los hechos queda claro que dichas agentes no estuvieron en presencia del acusado en el momento en que tal presencia pudo haber sido relevante a los efectos de configurar el segundo elemento del delito de exposiciones deshonestas, sino sólo a los efectos de intervenir con él para arrestarlo. Es claro que la presencia de al menos una persona, como uno de los elementos del delito de exposiciones deshonestas, no fue probada más allá de duda razonable.
En definitiva, el Ministerio Público no probó todos los elementos del delito de exposiciones deshonestas más allá de duda razonable. Aun sobre la base de los hechos sostenidos por el Ministerio Público, queda claro que las circunstancias objetivamente requeridas por el delito de exposiciones deshonestas no fueron probadas adecuadamente. Es decir, no hubo prueba más allá de duda razonable en cuanto a que Colón, antes de que las agentes intervinieran con él, expusiera sus partes íntimas ante alguna persona que pudiera sentirse ofendida por el acto.
Por ello disiento de la sentencia mayoritaria que confirma la convicción
DOLORES RODRIGUEZ DE ORONOZ
Jueza de Apelaciones