VOTO DISIDENTE DEL JUEZ DE APELACIONES HON. BRAU RAMÍREZ - 2005 DTA 59
San Juan, Puerto Rico, a 31 de marzo de 2005
Disentimos respetuosamente de la conclusión del Panel de que el Municipio de Trujillo Alto viene obligado a pagar las cuantías reclamadas en el caso de autos.
Se trata de contratos para la reparación de vehículos de motor para los cuales no se prepararon las órdenes de compra requeridas por el Reglamento de Compras del Municipio ni se asignaron previamente fondos para pagar las obligaciones contraídas.
El Panel determina que estas omisiones no fueron fundamentales y que dejar de pagar por las reparaciones que le beneficiaron, constituiría un enriquecimiento injusto para el Municipio.
El principio es que los municipios están impedidos de gastar u obligarse en un año fiscal por cantidad *1185 alguna que exceda las asignaciones y fondos autorizados por ordenanza o resolución para dicho año. 21 L.P.R. A. see. 4354. En otras palabras, vienen obligados a operar con un presupuesto balanceado.
El Panel concluye que el Municipio no venía obligado a asignar fondos para la obligación en cuestión, porque se trata de un contrato de arrendamiento de servicios, el cual está exento del requisito anterior. 21 L.P.R. A. see. 4354.
No está claro para nosotros que el contrato en cuestión sea efectivamente un arrendamiento de servicios, en el cual la remuneración depende más bien de la cantidad de tiempo trabajado. 31 L.P.R.A. see. 4111. Opinamos que se trata más bien de un contrato de obra, donde el pago dependía de que se llevara a cabo la reparación contratada, independientemente de la cantidad de tiempo requerida para lo anterior. Véase, 31 L.P.R.A. sees. 4121 y ss. Para la diferencia entre ambos tipos de contrato, véase, Eduardo Vázquez Bote, Tratado de Derecho Privado Puertorriqueño, Tomo IX, Equity Publishing Co., New Hampshire, 1992, págs. 360-362.
Observamos que la parte apelada intentó retener los vehículos pendiente el pago de la obra, según lo contempla el Art. 1492 del Código Civil, 31 L.P.R.A. see. 4133, que aplica a este tipo de contrato. Compárese, Pueblo v. Miranda Ortiz, 117 D.P.R. 188, 195 (1986).
No está claro, de este modo, que la presente obligación pueda ser eximida del requisito establecido por la Ley de Municipios Autónomos de que la obligación contara con una previa asignación de fondos.
En cualquier caso, consideramos que la excepción invocada por el Panel debe ser interpretada de manera restrictiva. Lo contrario permitiría a los municipios comprometer presupuestos futuros a base de contrataciones irregulares y pobremente documentadas.
Precisamente, es la falta de rigor en la observación de este principio la que en gran medida resulta responsable de la presente situación fiscal de nuestro país.
Tampoco estamos de acuerdo que quepa invocar la doctrina de enriquecimiento injusto para compeler a la presente administración del Municipio a honrar una obligación irregularmente incurrida por su predecesora.
El Tribunal Supremo de Puerto Rico ha advertido, en este sentido, que por tratarse de un área de predominante interés público, no cabe la invocación de doctrinas de equidad, tal y como el principio de enriquecimiento injusto, para moderar las exigencias que impone la Ley en la contratación con las entidades públicas. Las Marías Lab. Corp. v. Mun. de San Juan, 159 D.P.R. _ (2003), 2003 J.T.S. 122, a la pág. 1,244; Hatton v. Mun. de Ponce, 134 D.P.R. 1001, 1010 (1994); Plan Bienestar Salud v. Alcalde Cabo Rojo, 114 D.P.R. 697, 703 (1983); compárese, De Jesús González v. A.C., 148 D.P.R. 255, 268-269 (1999).
El Tribunal Supremo ha explicado:
“[L]os preceptos legales que rigen las relaciones económicas entre entidades económicas y los municipios están revestidos de un gran interés público y aspiran promover una sana y recta administración. A fin de cuentas, “[l]a buena administración de un gobierno es una virtud de la democracia, y parte de una buena administración implica llevar a cabo sus funciones como comprador con eficacia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa. ” Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 871 (1990). Es pues necesario evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia, el descuido y los riesgos de incumplimiento. Por tal razón, estas normas no pueden descartarse, aun en situaciones meritorias que exigen cierta flexibilidad... ”.
Hatton v. Mun. de Ponce, 134 D.P.R. a la pág. 1005.
*1186 Toda vez que en el presente caso, la contratación en cuestión no contó con una previa asignación de fondos para su pago, somos del criterio que la misma resulta ser una actuación ultra vires y que el Municipio no puede ser forzado a pagar por la misma. Ocasio v. Alcalde Mun. de Maunabo, 121 D.P.R. 37, 55 (1988); Morales v. Municipio de Toa Baja, 119 D.P.R. 682, 691-692 (1987); San Miguel, Etc. & Cía. v. Municipio, 72 D.P.R. 391, 402 (1951).
Respetuosamente, disentimos.
Germán J. Brau Ramírez Juez de Apelaciones