TEXTO COMPLETO DE LA RESOLUCION
Mediante petición de certiorari comparece ante nos la demandada-peticionaria, María Román Valle. Solicita que revoquemos una orden de protección expedida contra ella por el Tribunal de Primera Instancia, Sala de Carolina (Hon. María J. Buso Aboy, Juez). La referida orden se expidió al amparo de la Ley Contra el Acecho en Puerto Rico, Ley Núm. 284 de 21 de agosto de 1999, 33 L.P.R.A. sees. 4013 y ss. Entre otras cosas, se le ordenó a la demandada-peticionaria, Román Valle, abstenerse de acosar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con la demandante-recurrida Cristina M. Pérez Santana o con miembros de su familia. Por los fundamentos que expondremos continuación, denegamos la expedición del auto solicitado.
I
El 29 de mayo de 2002, la recurrida Cristina M. Pérez Santana presentó ante el Tribunal de Primera Instancia, Sala de Carolina, una petición de orden de protección contra la demandada-peticionaria, María Román Valle. En síntesis, Pérez Santana alegó que “han ocurrido varios incidentes” con Román Valle y que el “último ocurrió el viernes 24 de mayo del 2002 a las 9:00 p.m. y 10:00 p.m.”. Ap. Cert., a la pág. 1. Según la petición de orden de protección, los alegados incidentes de acecho fueron los siguientes:

“La peticionada alegó que mis hijos, junto a otros niños del Condjominio], le destruyeron su jarín [sic] y acto seguido llamó [a] la policía sin antes hablar conmigo o con el guardia de seguridad. Insultó, gritó y amenazó a mis hijos de 10 y 9 años y luego que yo llamo a los guardias de seguridad para que corroboren que el jardín (que es área común) está intacto, ella sale de su apto, y me amenaza, me va encima, me manotea, me insulta; los nenes estaban viendo todo lloran y ella les grita. Posteriormente fue a mi casa ella con su esposo el señor Norman Fraticelly a amenazarme de nuevo y a insultar a mis hijos diciendo que van a ser delincuentes y drogadictos. La conducta reiterada de la Sra. Román me ha causado temor fundado en que pueda ocasionarme daños físicos a mí y a mis hijos. [Ejste no es el primer incidente de agresividad y amenazas en el condominio por 
*1144
parte de la Sra. María Román. ” Id.

A la petición de orden de protección se anejó el reporte del incidente alegadamente ocurrido entre las partes el 24 de mayo de 2002, y otros informes o querellas de fechas anteriores.
En esa misma fecha, es decir, el 29 de mayo de 2002, el tribunal expidió de forma ex parte una “Orden de Protección Sobre Ley Contra el Acecho”, contra la demandada-peticionaria, Román Valle. El tribunal también ordenó que las partes fueran citadas para comparecer ante sí el 11 de junio de 2002, fecha en que vencería la orden de protección ex parte. Ap. Cert., págs. 14-15. La orden de protección se le notificó a las partes involucradas. Ap. Cert., pág. 15.
Luego de celebrada la vista del 11 de junio de 2002, el tribunal expidió una “Orden de Protección sobre Ley Contra el Acecho en Puerto Rico”, contra la demandada-peticionaria, Román Valle. A esos efectos, se le ordenó a esta última “abstenerse de acosar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con Pérez Santana y/o con miembros de su familia” y además, abstenerse de penetrar o acercarse al hogar de Pérez Santana, la escuela de sus hijos, su negocio y lugar de empleo. Ap. Cert., págs. 19-20. La orden se expidió con vigencia del 11 de junio de 2002 hasta el 11 de junio de 2003.
Inconforme con la orden dictada, acude ante nos la demandada-peticionaria María Román Valle mediante petición de certiorari. Aduce que erró el Tribunal de Primera Instancia al no incluir en la citación información relevante a las alegaciones en su contra; al aceptar documentos cuya autenticidad no le constaba a ninguna de las partes; al dictar una orden protectora sin existir elementos suficientes constitutivos de acecho; al no tomar en consideración que el informe del policía que intervino en los hechos, no hizo un informe sobre conducta constitutiva de acecho; y al no realizar determinaciones de hechos.
Contando con la comparecencia de ambas partes y con el beneficio de la exposición narrativa estipulada de la prueba, resolvemos.
II
En primer lugar, la peticionaria, Román Valle, alega que se le violó su derecho al debido proceso de ley, ya que la citación que se le cursara no contenía información relevante a las alegaciones en su contra.
La recurrida, Pérez Santana, nos dice, por su parte, que ese señalamiento de error se hace por primera vez ante nos, es decir, en apelación. De hecho, la aquí peticionaria, Román Valle, no niega ese hecho a pesar de que este Tribunal le dio la oportunidad de suplementar su alegato luego de presentada la exposición narrativa estipulada de la prueba. Además, del expediente ante nuestra consideración y de la exposición narrativa estipulada de la prueba, tampoco se desprende que este planteamiento haya sido presentado ante el foro de primera instancia. Por lo tanto, confirmamos que este señalamiento es presentado por primera vez ante este foro apelativo intermedio.
Sabido es que un tribunal apelativo no considerará un planteamiento formulado por primera vez en apelación o revisión. Ortiz Torres v. K & A Developers, Inc., 136 D.P.R. 192, 202 (1994); Garaje Rubén, Inc. v. Tribunal Superior, 101 D.P.R. 236, 242 (1973). Ante esta situación, es forzoso concluir que estamos impedidos de atender este señalamiento de error, ya que era el tribunal a quo quien debió atender y resolver en primera instancia dicho señalamiento. Esto no sucedió porque el planteamiento de alegada violación al debido proceso de ley no se presentó oportunamente ante dicho foro. Al no plantearlo, la parte demandada-peticionaria, Román Valle, se sometió al procedimiento, renunciando así la referida defensa que ahora se trae como señalamiento de error.
En segundo lugar, la peticionaria, Román Valle, argumenta que erró el Tribunal de Primera Instancia al aceptar como exhibits unos documentos cuya autenticidad no le constaba a ninguna de las partes y cuyo valor probatorio era escaso. Román Valle se refiere a unos documentos anejados a la “querella” que diera paso a este *1145 caso.
Sobre este particular, es importante señalar que la Regla 4 de Evidencia, 32 L.P.R.A. Ap. IV, R. 4, señala que no se dejará sin efecto una determinación de admisión de evidencia, ni se revocará sentencia o decisión alguna por motivo de admisión errónea de evidencia a menos que: (1) la evidencia fue erróneamente admitida, a pesar de la oportuna y correcta objeción de la parte perjudicada por la admisión, y (2) el tribunal que considera el efecto de la admisión errónea, entiende que ésta fue error decisivo o sustancial en la sentencia o decisión cuya revocación se solicita. El criterio que debe utilizarse en casos ordinarios de errores en la admisión de evidencia es si de no haberse admitido erróneamente la prueba en controversia probablemente el resultado hubiera sido distinto. Pueblo v. Rosaly Soto, 128 D.P.R. 135 (1991).
Los documentos que se alega fueron erróneamente admitidos como evidencia en este caso incluyen un reporte de incidencias rendido el 24 de mayo de 2002 por “Capitol Security Police, Incy otros reportes de incidencias anteriores no relacionadas directamente al caso de autos. Aparentemente dichos reportes fueron hechos por la compañía de seguridad que presta vigilancia en el Condominio Costa del Sol.
La peticionaria Román Valle alega ante nos que “objetó oportunamente la admisión de todos y cada uno [de dichos documentos] por no constar su autenticidad y contenido a las partes”. Petición de certiorari, pág. 9. Sobre dichos documentos, la testigo Pérez Santana “declaró que anejaba copia de los Informes de Incidentes con la Administración del Condominio y con los guardias de seguridad junto con la querella, ya que no era la primera vez que Román Valle tenía un incidente”. E.N.P., a la pág. 3.
Es de suma importancia señalar que de la exposición narrativa estipulada de la prueba no se desprende que se haya hecho una objeción oportuna a la admisión de dichos documentos. Ello constituye fundamento suficiente para que este Tribunal revisor se niegue a revocar la orden expedida bajo el fundamento de que hubo una errónea admisión de evidencia en el foro de primera instancia. Sin embargo, es procedente que evaluemos toda la evidencia testifical presentada ante el Tribunal de Primera Instancia y determinemos si a la luz de la misma se sostiene la orden de protección dictada, independientemente de los documentos que se alega fueron erróneamente admitidos como evidencia.
III
Antes de abordar el tercer señalamiento de error que apunta a que no existen elementos suficientes constitutivos de acecho como para dictar una orden protectora, es importante que atendamos el quinto y último señalamiento de error presentado por la peticionaria Román Valle. En síntesis, alega que erró el Tribunal de Primera Instancia al no hacer determinaciones de hechos según lo dispuesto en el Artículo 8 de la Ley Contra el Acecho, supra, sec. 4018.
Específicamente, el Artículo 8, id., dispone que toda orden de protección deberá establecer específicamente las órdenes emitidas por el tribunal, los remedios ordenados y el período de vigencia. La orden de protección deberá establecer además la fecha y hora en que fue expedida y notificar a las partes que cualquier violación a la misma constituirá desacato al tribunal. En aquellos casos en que la orden se dicta ex parte, se deberá especificar la fecha, tiempo y lugar en que se celebrará la vista para extensión o anulación de la misma y las razones por las cuales fue necesario expedir dicha orden ex parte. Por otro lado, toda orden de protección expedida por un tribunal se hará constar en un formulario sustancialmente igual en contenido al que se incorpora como guía directiva en los Artículos 3 al 16 de la Ley Contra el Acecho, id., sees. 4013 a 4026.
En particular, el formulario adoptado por dicha ley, en su Art. 16, id. see. 4026, establece que la orden deberá contener determinaciones de hechos. En el caso ante nuestra consideración, el Tribunal de Primera Instancia expresó que sus determinaciones de hechos eran “lo alegado por las partes”. Ap. Cert., a la pág. 19. Al respecto, la peticionaria Román Valle alega que el tribunal “incumplió claramente con el mandato de la ley, actuación que *1146 merece la revocación de la orden”. Petición de certiorari, pág. 13.
Román Valle fundamenta su argumentación al amparo del caso González Ortega v. Rivera Ortiz, KLAN-00-00548; Sentencia de 24 de enero de 2000; Sánchez Martínez, Juez Ponente (Cir. Reg. II). Si bien es cierto que en el caso citado se revocó la orden de protección recurrida, la situación allí presente es distinguible a la que hoy tenemos ante nuestra consideración. En dicho caso había total ausencia de determinaciones de hechos. En cambio, en este caso, el tribunal adoptó las alegaciones de las partes como sus determinaciones de hechos probados, luego de escuchar los testimonios y estudiar toda la prueba. Ap. Cert., pág. 19. Es claro, entonces, que no hay ausencia de determinaciones de hechos, tal y como lo alega la peticionaria Román Valle.
IV
Aclarado lo anterior, procede entonces que estudiemos los testimonios vertidos en corte, para determinar si se sostiene o no la orden de protección dictada.
Conforme se desprende de la exposición narrativa ante nuestra consideración, el desfile de prueba presentado en la vista del 11 de junio de 2002, comenzó con el testimonio de la aquí recurrida, Cristina M. Pérez Santana. Declaró esta testigo que es de nacionalidad dominicana y vive en el Condominio Costa del Sol, Apartamento P-2 en Isla Verde. Pérez Santana declaró además que es viuda, vive con sus dos (2) hijos menores y es vecina puerta con puerta de la aquí peticionaria, María Román Valle.
Pérez Santana declaró también que alrededor de. las 9:00 p.m. del 24 de mayo de 2002, sus hijos se encontraban jugando con otros niños en los alrededores de las áreas comunes del condominio. Declaró que a esa hora, Román Valle llamó a la policía y alegó “que sus hijos (los hijos de Pérez Santana), junto a otros del Condominio, le habían destruido el jardínfrente a su residencia”. E.N.P., pág. 2.
Pérez Santana relató que luego de la policía investigar, orientaron a las partes para que conservaran la calma y acudieran a la oficina de administración e informaran lo ocurrido. Testificó también que acudió con los guardias de seguridad al jardín para inspeccionarlo y lo encontraron todo en orden. Dijo que se radicó un informe a esos efectos.
Continuó declarando Pérez Santana que “cuando inspeccionaban el jardín con los guardias de seguridad’, Román Valle “salió nuevamente increpándole fuertemente sobre qué hablaba con los guardias sobre ella”. E.N. P., pág. 3. De acuerdo al testimonio de Pérez Santana, Román Valle la “manoteaba”. Id. Pérez Santana admitió que se alteró y que ambas discutieron.
Posteriormente, Pérez Santana declaró que ese mismo día, 24 de mayo de 2002, como a eso de las 11:00 p.m., Román Valle y su esposo pasaron frente a su apartamento, “la insultaron” y le dijeron, en presencia de sus hijos, que si no los educaba iban a salir delincuentes y drogadictos. Id. Pérez Santana también testificó que Román Valle la amenazó “con darle” y le dijo que la sacará del apartamento y que es una “dominicana estúpida”. E.N.P., págs. 3 y 4. Según Pérez Santana, Román Valle también le dijo que la iba a demandar y quitarle el apartamento. Por último, dijo que después del 24 de mayo no había ocurrido ningún otro incidente.
Por otro lado, Pérez Santana declaró que ella y Román Valle se llevaban bastante bien hasta que su esposo falleció. Dijo también que Román Valle siempre se está quejando de los niños que juegan en el condominio, incluyendo a sus dos hijos. Testificó también que “está cansada” de que Román Valle “se queje de ella y de los niños y que les llame la atención, amenazándola con llamar al Departamento de la Familia”. E.N.P., pág. 2.
Pérez Santana también expresó que Román Valle “había tenido varios altercados con los guardias de seguridad del condominio”. E.N.P., pág. 3. Declaró también que anejó, junto a la querella, copia de los Informes de Incidentes con la Administración del Condominio y con los guardias de seguridad, “ya que no era la primera *1147 vez” que Román Valle tenía un incidente. Id.
Por su parte, la aquí peticionaria, Román Valle, declaró que reside junto a su esposo en el apartamento P-l en el Condominio Costa del Sol, y que es vecina puerta con puerta de Pérez Santana. Dijo además que el 24 de mayo de 2002, entre las 9:00 y 10:00 p.m., notó que un grupo de niños jugaban frente a su apartamento en el área del jardín. Dijo que “escuchó c[ó]mo uno de los niños planificaba romper y vandalizar las flores del jardín” y vio a uno de ellos “tirándose y pisando las flores del jardín”. E.N.P., pág. 4. Declaró que entre el grupo de siete u ocho niños que jugaba, estaban los de Pérez Santana.
Acto seguido, Román Valle declaró que al percatarse “de los actos vandálicos al jardín”, procedió a llamar al cuartel de la policía para solicitar su intervención. Id. También expresó esta testigo que cuando las partes fueran entrevistadas por la policía, “ambas se alteraron”. Id. Román Valle declaró que “nunca le faltó el respetó” a Pérez Santana y “mucho menos la amenazó e intimidó”. Id.
En cuanto a la intervención de la policía, Román Valle declaró que los agentes se fueron del lugar sin más trámite que el de orientar a las partes sobre sus derechos y deberes, y advertir a las partes sobre las consecuencias legales si formaban un altercado. Román Valle dijo también que “la policía no presentó querella ni arrestó persona alguna”. E.N.P., pág. 5.
Sobre las cosas que según Román Valle ocurrían en el condominio, ella declaró que “los niños dejaban sus juguetes y bicicletas en el área del pasillo común y ella no podía entrar a su apartamento”. Id. También dijo que los niños alborotan, desordenan, dañan la propiedad comunal y “constantemente le dan patadas a su puerta de entrada y le gritan improperios”. Id.
Román Valle también declaró que se llevaba bien con Pérez Santana hasta que permitió que los niños suyos “hicieran lo que quisieran”. Id. Dijo que siempre se ha dirigido hacia Pérez Santana con respeto y que por el contrario, Pérez Santana le dice que “ella es una amargada y que está loca”. Id.
Por otro lado, la demandada-peticionaria, Román Valle, declaró que el único incidente anterior al 24 de mayo de 2002, había ocurrido hacía dos años y fue porque empleados de Pérez Santana “le cogieron la manguera de su patio y utilizaron o consumieron su agua sin ella autorizarlo”. E.N.P., pág. 6. Declaró también que el 24 de mayo, luego de que la policía se marchara, “hubo un intercambio verbal con Pérez Santana, pero no pasó de una simple discusión”. Id. Por último, declaró que posterior al 24 de mayo de 2002, no ocurrió ningún incidente entre las partes.
De la Exposición de Motivos de la Ley Contra el Acecho, supra, se desprende que ésta tiene como objetivo tipificar como delito y penalizar todo patrón de conducta de acecho, que induzca temor en el ánimo de una persona prudente y razonable de sufrir algún daño físico en su persona, sus bienes o en la persona de un miembro de su familia, y proveer los mecanismos adecuados para intervenir oportunamente en los casos de acecho, ofreciendo protección a las víctimas de este tipo de comportamiento.
El Artículo 3(a) de la referida legislación, supra, sec. 4013(a), define la conducta constitutiva de acecho de la siguiente manera:

“Una conducta mediante la cual se ejerce una vigilancia sobre determinada persona; se envían comunicaciones verbales o escritas no deseadas a una determinada persona, se realizan amenazas escritas, verbales o implícitas a determinada persona, se hostiga repetidamente mediante palabras, gestos o acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia. ”

[Enfasis suplido]
*1148 El término “repetidamente” significa en dos (2) o más ocasiones. Artículo 3 (c), id. sec. 4013(c).
Al examinar en términos generales la definición de “acecho”, podemos colegir que la misma es sumamente abarcadora. Sólo se requiere que los actos allí definidos se lleven a cabo en dos o más ocasiones para que constituyan la acción proscrita. En este caso, la demandante-recurrida, Pérez Santana, testificó que en la noche del 24 de mayo de 2000 tuvo dos incidentes con la demandada-peticionaria, Román Valle. Según el testimonio de Pérez Santana, en un momento dado, Román Valle “la manoteó” y le increpó fuertemente sobre qué hablaba con los guardias sobre ella. En el segundo incidente narrado por Pérez Santana, y a todas luces creído por el tribunal, Román Valle la insultó de palabra y la amenazó con golpearla, demandarla y sacarla del apartamento. Por otro lado, Pérez Santana declaró que ya “estaba cansada” de que Román Valle la amenazara y se quejara de ella y de sus hijos.
Como expusimos anteriormente, la conducta constitutiva de acecho incluye el que una persona, en dos ocasiones o más, hostigue mediante palabras, gestos o mediante acciones dirigidas a intimidar, amenazar o perseguir a la víctima o a miembros de su familia. Ciertamente, el tribunal tuvo ante sí las dos versiones de las partes y decidió dictar la orden de protección a favor de la demandante-recurrida, Pérez Santana. Es obvio entonces que al foro de primera instancia le mereció entera credibilidad el testimonio de la demandante-recurrida Pérez Santana y a base del mismo, encontró que las acciones narradas en su testimonio constituían el acecho prohibido por ley.
Es norma básica de derecho que los jueces de primera instancia son quienes están en mejor posición de aquilatar la prueba. Pueblo v. Miranda Ortiz, 117 D.P.R. 188, 191 (1986). Por lo tanto, no se intervendrá en la apreciación de la prueba en ausencia de error manifiesto, prejuicio, parcialidad o pasión. Pueblo v. Irizarry Irizarry, Opinión de 10 de mayo de 2002, 2002 J.T.S. 68. Por otro lado, se ha resuelto reiteradamente que basta la evidencia directa de un testigo que le merezca al juzgador entero crédito para probar cualquier hecho, salvo, claro está, que por ley se disponga otra cosa. Regla 10(d) de Evidencia, 32 L.P.R.A. Ap. IV; Pueblo v. Chévere Heredia, 139 D.P.R. 1, 15; Pueblo v. Acevedo Quiñones, 100 D.P.R. 894, 899 (1972).
No se nos ha demostrado que el foro de primera instancia errara en aquilatar los testimonios en virtud de los cuales decidió dictar la orden recurrida. Es por esa razón que a la luz de la norma de deferencia, no intervendremos con la determinación del tribunal.
V
Por último, la peticionaria Román Valle alega que erró el tribunal al no tomar en consideración que el oficial de la policía que intervino entre las partes no rindió un informe sobre conducta constitutiva de acecho.
El Artículo 12 de la Ley Contra el Acecho, supra sec. 4022, dispone en parte que “siempre que un oficial del orden público intervenga en un incidente que pueda clasificarse como un acto de acecho, deberá preparar un informe escrito sobre el mismo. Dicho informe incluirá las alegaciones de las partes involucradas y los testigos, el tipo de investigación realizada y a forma en que se dispuso el incidente
Como expusimos anteriormente, gran parte del testimonio de las partes versó sobre incidentes que ocurrieron después de la intervención de la policía. Por otro lado, la propia Ley Contra el Acecho permite que cualquier persona que entienda que ha sido víctima de acecho podrá presentar por sí, por conducto de su representante legal o por un- agente del orden público, una petición de orden, sin que sea necesaria la presentación previa de una denuncia o acusación. Artículo 5, supra, sec. 4015. Por lo tanto, no encontramos que el error señalado haya sido cometido.
VI
Por los fundamentos anteriormente expuestos, denegamos la expedición del auto de certiorari.
*1149 Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau Secretaria General